OCCIDENTAL CONSOLIDATED MIN. CO. v. COMSTOCK TUNNEL CO.

(Circuit Court, D. Nevada. February 2, 1903.)

No. 708.

1. JURISDICTION OF FEDERAL COURT—DISTRICT OF SUIT—WAIVER OF OBJECTION.
   A circuit court has jurisdiction of a suit where the plaintiff and defendant are citizens of different states, and the requisite amount is involved, although neither is an inhabitant of the district, when the defendant has appeared and answered to the merits without objection.

On Motion to Dismiss for Want of Jurisdiction.

W. E. F. Deal, for plaintiff.
F. M. Huffaker and W. T. Baggett, for defendant.

HAWLEY, District Judge (orally). This is an action at law to recover damages for the alleged breach of certain contracts. The plaintiff is a corporation organized and existing under the laws of the state of California, and is a citizen and resident of that state. The defendant is a corporation organized and existing under the laws of New York, and a citizen and resident of New York. The defendant, after service of process, regularly appeared and filed an answer upon the merits of the case, without raising any objection to the jurisdiction of this court. The cause, being at issue, was set for trial on December 8, 1902, and on said day the trial of the case was continued. On January 2, 1903, the defendant gave notice that it would move the court "for an order dismissing the above-entitled action on the ground that the above-named court has no jurisdiction of the parties to said action, as appears from the complaint therein; the plaintiff corporation being a citizen of the state of California, and the defendant of the

¶ 1. Waiver of right as to district in which suit may be brought, see note to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192.

state of New York, and neither a citizen of the state of Nevada, in which case this court is without jurisdiction."

Does the fact that neither the plaintiff nor the defendant resides in the district of Nevada, in which this action is brought, deprive this court of jurisdiction in a case like the present, where the defendant voluntarily appeared and filed an answer upon the merits of the case? This is the only question presented by the motion, and it has been answered in the negative by the Supreme Court of the United States in Trust Co. v. McGeorge, 151 U. S. 129, 132, 14 Sup. Ct. 286, 38 L. Ed. 98. In that case the court said:

"The court below, in holding that it did not have jurisdiction of the cause, and in dismissing the bill of complaint for that reason, acted in view of that clause of the act of March 3, 1887, as amended in August, 1888 [U. S. Comp. St. 1901, p. 508], which provides that 'no civil suit shall be brought in the circuit courts of the United States against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant'; and, undoubtedly, if the defendant company, which was sued in another district than that in which it had its domicile, had, by a proper plea or motion, sought to avail itself of the statutory exemption, the action of the court would have been right. But the defendant company did not choose to plead that provision of the statute, but entered a general appearance, and joined with the complainant in its prayer for the appointment of a receiver, and thus was brought within the ruling of this court, so frequently made, that the exemption from being sued out of the district of its domicile is a personal privilege, which may be waived, and which is waived by pleading to the merits."

And after reviewing the previous decisions on this subject, including the case of Shaw v. Mining Co., 145 U. S. 444, 453, 12 Sup. Ct. 935, 36 L. Ed. 768, and others, relied upon by defendant in support of its motion, said:

"Nor do we see any reason for a different conclusion as to the subject of waiver when the question arises where neither of the parties are residents of the district, from that reached where the defendant only is not such resident."

In Construction Co. v. Gibney, 160 U. S. 217, 219, 16 Sup. Ct. 272, 40 L. Ed. 401, the same question was presented. The court, after reviewing the acts of Congress relating thereto, said:

"The circuit courts of the United States are thus vested with general jurisdiction of civil actions, involving the requisite pecuniary value, between citizens of different states. Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties, but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election; and the defendant's right to object that an action, within the general jurisdiction of the court, is brought in the wrong district, is waived by entering a general appearance without taking the objection."

These decisions are so clear, plain, direct, and positive as to be absolutely conclusive upon the question herein involved.

The motion is denied.