## ELDORADO COAL & MINING CO. v. MARIOTTI.

(Circuit Court of Appeals, Seventh Circuit.  April 14, 1914.  Rehearing Denied
May 12, 1914.)

### No. 2041.

1. COURTS (§ 321*)—FEDERAL COURTS—JURISDICTION—SUIT BY ALIEN.

Under the express provisions of Const. art. 3, § 2, and Judicial Code
(Act March 3, 1911, c. 231, § 24, cl. 1, 36 Stat. 1091 [U. S. Comp. St. Supp.
1911, p. 135]), the District Court has general jurisdiction of a suit by
an alien against a citizen of the United States.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 845, 847–849; Dec.
Dig. § 321.*]

2. COURTS (§ 276*)—FEDERAL COURTS—JURISDICTION—PLACE OF SUIT—SUIT
IN WRONG DISTRICT—WAIVER.

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp.
St. Supp. 1911, p. 150]) § 51, provides that except as otherwise provided
no civil suit shall be brought in any District Court against any person by
any original process or proceeding in any other district than that whereof
he is an inhabitant, but where the jurisdiction is founded only on di-
versity of citizenship, suit shall be brought only in the district of the
residence of either the plaintiff or defendant.  Held, that where a fed-
eral court had jurisdiction of the subject-matter, defendant's right to
object on the ground that the suit was brought in the wrong district was
one of privilege and might be and was waived by a general appearance
to demur to the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig.
§ 276.*

Waiver of right as to district in which suit may be brought, see notes
to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & Mc-
Ginnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

3. APPEAL AND ERROR (§ 874*)—REVIEW—RECORD—BILL OF EXCEPTIONS—NE-
CESSITY—MOTION TO DISMISS.

Denial of a motion to dismiss for want of jurisdiction because of mat-
ters appearing on the face of the declaration cannot be reviewed on a
writ of error, where neither the motion nor the ruling thereon was pre-
served in the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2874;
Dec. Dig. § 874.*]

4. APPEAL AND ERROR (§ 516*)—RECORD—WHAT CONSTITUTES—BILL OF EX-
CEPTIONS—MOTIONS.

Only the process, pleadings, orders, judgment, and such matters as are
properly preserved in the bill of exceptions constitute the record on a
writ of error unless made so by agreement of the parties or order of
court; motions based on matters dehors the record being not a part of
the record unless made so by bill of exceptions or otherwise saved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2332–
2340; Dec. Dig. § 516.*]

5. PLEADING (§ 204*)—DECLARATION—COURTS—DEMURRER.

A demurrer to a declaration and to each and every count thereof is
not good if any count states a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec.
Dig. § 204.*]

6. PLEADING (§ 64*)—DECLARATION—DUPLICITY.

Where a declaration for injuries to a miner by the explosion of mine
dust alleged that defendant willfully failed to sprinkle a certain entry

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in compliance with its statutory duty, whereby an explosion was caused and consequent injury to plaintiff, the count was not duplicitous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 134–137; Dec. Dig. § 64.*]

7. MASTER AND SERVANT (§ 258*) — INJURIES TO SERVANT — CONNECTION BETWEEN NEGLIGENCE AND INJURY.

Where a declaration for injuries to a miner charged that defendant negligently failed to comply with its statutory duty to sprinkle a certain entry, and then charged that, by reason of the heavy dust in the roadway and as a result of defendant's failure to sprinkle, an explosion occurred by which plaintiff was injured, it sufficiently connected the dusty condition of the road with the explosion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. § 258.*]

8. MASTER AND SERVANT (§ 250¾, New, vol. 16 Key-No. Series)—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT—REPEAL—WORKMEN'S COMPENSATION LAW:

Illinois' Mining Act (Hurd's Rev. St. 1913, c. 93) § 29, cl. (c), provides that if and whenever there shall be in force in the state a statute providing for compensation to workmen for all injuries received in the course of their employment the provisions thereof shall apply in lieu of the right of action for damages provided by such act. Illinois Workmen's Compensation Law, § 1 (Hurd's Rev. St. 1913, c. 48, § 126), provides that is shall be optional with the employer whether he will accept the provisions of the act, and the same option is accorded to the employé. *Held,* that the application of such act being optional with either or both parties, it did not repeal the mining act so far as to deprive an injured miner of a right of action thereunder for injuries sustained through his employer's omission to perform a duty imposed thereby.

In Error to the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Action by Ugo Mariotti against the Eldorado Coal & Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Defendant in error, who is described in the declaration as a citizen of the kingdom of Italy and a resident of the state of Illinois and of the Eastern district of Illinois, recovered judgment in the District Court for said district against plaintiff in error, described in the declaration as a corporation organized and existing under the laws of Indiana, in the sum of $2,500, to reverse which the present writ of error was sued out.

The declaration contains five counts. Of these we deem it necessary, for the present purposes, to consider only the fifth. By way of inducement this count sets out that plaintiff in error was, at the time of the injuries in said count named, engaged in operating the Seagraves mine, owned by it, situate near the city of Eldorado in the county of Saline, state of Illinois; that defendant in error was, and for a long time had been employed by plaintiff in error in the operation of the mine as a coal miner; that it was the duty of plaintiff in error to comply with the statutes of Illinois in relation to coal mines and pertaining to the protection of its employés therein, particularly the provision of the statute requiring it to have a mine manager at said mine charged with the duty to see that all the dusty haulage roads were thoroughly sprinkled at regular intervals as designated by the mine inspector, and to have the passageways, roadways, and entries of the mine regularly and thoroughly sprayed, sprinkled, or cleaned whenever the same became so dry that the air was charged with dust, and thereupon charges that at the time of the accident defendant in error was down in said mine engaged in the performance of his duties under plaintiff in error's direction; that plaintiff in error then and there failed to comply with said statute by willfully

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

failing on that day and for a long time prior to that day, to see that the roadway known as the third west north entry, in which defendant in error and others were required to pass in the course of their duties, and which was so dry that the air therein was charged with dust, was thoroughly sprinkled, sprayed, or cleaned, and avers that by reason of said willful violation of said statute and such failure to comply therewith on plaintiff in error's part, defendant in error entered into a certain portion of the said mine, which was a dusty haulage road and was in a dangerous condition by reason of the heavy dust in said roadway and plaintiff in error's willful failure to sprinkle the same, which condition was known to plaintiff in error, and as a result of the said dust and the failure to sprinkle said roadway an explosion occurred at that place, in consequence whereof defendant in error was then and there suffocated and his lungs clogged by poisonous gas arising from said explosion, and greatly bruised, etc.

There appears in the record a motion by plaintiff in error specially limiting its appearance for that purpose, asking that the suit be dismissed for want of jurisdiction of said District Court for the Eastern District of Illinois, on the ground that it appeared from the declaration that defendant in error was a citizen of the kingdom of Italy, and that plaintiff in error was a citizen of the state of Indiana, and that therefore the suit had been brought in the wrong district. Neither this motion nor any ruling thereon has been preserved in the bill of exceptions. On the same day on which said motion appears to have been filed, said court entered an order finding that both parties appeared in court by their respective attorneys, and reading as follows, viz.: "And now the defendant, by its said attorneys, filed and presents to the court its motion to dismiss this suit. And the court, now having heard the arguments of counsel for the respective parties hereto upon the said motion of defendant to dismiss and not now being fully advised in the premises, takes said motion under advisement." Afterwards and on the following day the court ordered that said motion be overruled. Thereupon plaintiff in error filed a general and special demurrer to the declaration and each count thereof, alleging the duplicity thereof, their failure to state a cause of action and the repeal of said mining act by reason of the passage of the so-called Workmen's Compensation Act by the Illinois Legislature. This demurrer was overruled. Plaintiff in error having elected to stand by its demurrer, the cause went to a jury and judgment was entered on the verdict for $2,500 as aforesaid.

The errors assigned are: (1) The refusal of the court to dismiss the cause for want of jurisdiction; (2) the overruling of the general and special demurrers; (3) the judgment was contrary to law.

William E. Wheeler, of East St. Louis, Ill., for plaintiff in error.

Charles H. Watson and Charles B. Elder, both of Chicago, Ill., for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1, 2] Under section 2 of article 3 of the Constitution, and as enacted by Congress in clause 1 of section 24 of the Judicial Code of 1911, the District Court had general jurisdiction of a suit brought by an alien against a citizen of the United States. By section 51 of the Judicial Code aforesaid, it is enacted that:

"Except as provided in the six succeeding sections, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Where, as here, the court has jurisdiction of the subject-matter, the right of the defendant to object upon the ground that the suit was

brought in the wrong district, unlike the objection of a general lack of jurisdiction of the subject-matter, is one of privilege which may be waived by the defendant, and is waived if not specifically asserted and maintained.

In Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401, the court says:

"But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties; but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election; and the defendant's right to object that an action within the general jurisdiction of the court is brought in the wrong district is waived by entering a general appearance without taking the objection."

In support of this proposition the court cites In re Keasbey & Mattison Co., 160 U. S. 229, 16 Sup. Ct. 273, 40 L. Ed. 402, and many other cases. The rule has been followed by the several Circuit Courts, in Re Woodbury (D. C.) 98 Fed. 839, Scott v. Hoover, 99 Fed. 251, Platt v. Mass. Real Estate Co. (C. C.) 103 Fed. 706, and in Occidental Consolidated Mining Co. v. Comstock Tunnel Co. (C. C.) 120 Fed. 519.

Whether under section 51 suit may be brought in the district of the residence of the plaintiff, only when the plaintiff is a citizen of one of the United States, and whether, if the foregoing be the correct interpretation of the statute, the treaty with Italy overrides the statute and gives an Italian subject the right to sue in the district of his residence in the United States, are questions we do not consider, because, the right to be sued in one's own district being a personal privilege that may be waived, we find from the record that the objection was waived.

[3] In the printed record, as above set out, there appears what purports to be a motion made by plaintiff in error in the District Court, to dismiss the suit for want of jurisdiction for matters that appear upon the face of the declaration. Neither this motion nor any ruling thereon was preserved in the bill of exceptions and as a motion it is, therefore, not before this court.

[4] Only the process, pleadings, orders, judgment of the court and such matters as are properly preserved in the bill of exceptions, can be deemed as constituting the record, unless made so by agreement of parties or order of court. Sargeant v. State Bank of Indiana, 12 How. 385, 13 L. Ed. 1028; Fisher v. Cockerell, 5 Pet. 248–254, 8 L. Ed. 114; United States v. Taylor, 147 U. S. 699, 13 Sup. Ct. 479, 37 L. Ed. 335; Freeman on Judgments, § 79; Loeb v. Columbia Township Trustees, 179 U. S. 472–482, 21 Sup. Ct. 174, 45 L. Ed. 280. Motions based on matters dehors the record are expressly held to be not a part of the record unless preserved in a bill of exceptions or otherwise saved as above noted. Sargeant v. State Bank of Indiana, and other cases cited supra. It follows, therefore, that this motion, if it were one requiring preservation by bill of exceptions, was not preserved.

It will be seen that the order of May 5, 1913, fails to show that the motion to dismiss therein set out was based upon the claim that plaintiff in error asserted the privilege of being sued in its own district. Nor is there any presumption that such was the case. If, however, it be urged that since the first motion was based on facts appearing in the declaration it should be treated as a special demurrer, the record fails to show that the court ever disposed of it, in which case all right of plaintiff in error now to insist on the further consideration of its objection to the jurisdiction of the District Court for the reason set out was waived by its appearance generally for the purpose of demurring to the merits of the cause. Thus, from whatever point of view the case is considered, the objection must be held to have been waived under the authorities above cited.

[5-7] Plaintiff in error, as above stated, filed its demurrer to the declaration and to each and every count thereof. If any count of the declaration be found to be good, then the judgment will not be disturbed. Section 71, c. 110, Statutes of Illinois (Revision of 1909); North v. Kizer et al., 72 Ill. 173-176; Consolidated Coal Co., etc., v. Scheiber, 167 Ill. 539-541, 47 N. E. 1052. Whether or not the demurrer should have been sustained to counts 1 to 4 inclusive, we do not here determine. While count 5 sets up several duties cast upon the plaintiff in error by the statute, only one breach is alleged, namely, that plaintiff in error willfully failed to see that the roadway known as the third west north entry, which, as plaintiff in error knew, was so dry that the air therein was clogged with dust, was thoroughly sprinkled, sprayed, or cleaned, as by the statute required, whereby the explosion and consequent injury to defendant in error were caused. The count is single, and therefore not open to the charge of duplicity. The contention of counsel for plaintiff in error that the count fails to connect the dusty condition of the road with the explosion is without merit. The declaration alleges that:

"By reason of the heavy dust in said roadway and as a result of the failure to sprinkle the said roadway an explosion occurred."

It would be a difficult matter, without setting forth evidentiary facts, to state the ultimate facts in any other way. The count must therefore be held to be good.

[8] Plaintiff in error also insists, as a ground of demurrer, that the said mining act had, before the time of the accident, been repealed by the passage of the so-called Workmen's Compensation Act by the Illinois Legislature. Clause (c) of section 29 of the mining act provides:

"That if and whenever there shall be in force in this state, a statute or statutes providing for compensation to workmen for all injuries received in course of their employment, the provisions thereof shall apply in lieu of the right of action for damages provided in this act."

Section 1 of the Compensation Act makes it optional with the employer whether he will accept the provisions of that act. The same option is accorded to the employé. A statute whose operation is dependent on the will of the persons to be affected thereby is not such

a statute (a law of universal obligation) as clearly was contemplated by clause (c) of section 29 of the Mining Act. If the Compensation Act was intended to repeal the Mining Act, why make any provisions for the trial of a cause in which 'the plaintiff refused to accept the terms of the Compensation Act? Where and under what law would the employé seek relief were he to refuse the provisions of the act? Why give each party an election of remedies if there be no other remedy than that of the Compensation Act? The point is devoid of merit and may not, with reason, be deduced from the statute.

The demurrer was rightly overruled by the District Court, and the judgment of that court is affirmed.