### MERKO v. STURM & DILLARD CO.

#### (Circuit Court of Appeals, Sixth Circuit. May 2, 1916.)

#### No. 2722.

COURTS ⊗⊃375—LIMITATIONS—NEW ACTION AFTER DISMISSAL OF FORMER ACTION—CONSTRUCTION OF STATUTE—"COURT OF THIS COMMONWEALTH."

Ky. St. 1909, § 2545, which provides that where an action is "commenced in due time and in good faith in any court of this commonwealth" and it shall be adjudged that the court is without jurisdiction the plaintiff may within three months commence a new action in the proper court, "and the time between the commencement of the first and last actions shall not be counted in applying the limitation," applies where an action commenced in a federal court in Kentucky is dismissed for want of jurisdiction because not brought in the state of defendant's residence, and gives the plaintiff the right to commence a new action within three months, although the statutory period has run since the cause of action accrued.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 983; Dec. Dig. ⊗⊃375.

For other definitions, see Words and Phrases, Second Series, Courts of This Commonwealth.]

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

At Law. Action by Mike Merko against the Sturm & Dillard Company. Judgment for defendant and plaintiff brings error. Reversed.

H. M. Healy, Jr., of Newport, Ky., for plaintiff in error.
B. R. Jouett, of Winchester, Ky., for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and KILLITS, District Judge.

WARRINGTON, Circuit Judge. The question presented upon this writ of error is whether Merko is entitled to the benefit of a three months' extension provision of a statute of limitations of Kentucky. Merko is an alien, a citizen of Austria, and was injured in Clark county, Ky., October 10, 1912, while in the employ of the Sturm & Dillard Company, a West Virginia corporation. Merko commenced an action against that company in the United States District Court for the

Eastern District of Kentucky, July 15, 1913, to recover damages for his injuries; and on the following November 14th a plea of defendant to the jurisdiction was sustained, on the ground that defendant had not been sued in the district of its residence. Later, January 7, 1914, Merko commenced a suit against the company in the Clark Circuit Court of Kentucky to recover for the same injuries. February 2d following, the defendant filed a petition for removal of the cause to the court below, alleging the diversity of citizenship pointed out above, and an order of removal was entered on the 9th of the following April. In the court below defendant demurred to Merko's petition, alleging that it did not state facts sufficient to constitute a cause of action and also, by way of plea in avoidance, that the negligence and injuries complained of in the petition occurred more than twelve months prior to commencement of the suit in the Clark Circuit Court. The demurrer was sustained, and, plaintiff failing to plead further, the petition was dismissed.

Reliance for this dismissal is placed on certain statutes of Kentucky. Section 2516 provides that an action like this "shall be commenced within one year next after the cause of action accrued, and not thereafter" (Carroll, Ed. 1909), but section 2545 (Id.) provides:

"Where an action has been or shall be commenced in due time and in good faith, in any court of this commonwealth, and the defendants, or either of them, have or shall make defense, and it shall be adjudged that such court had or has no jurisdiction of the action, the plaintiff or his representative may, within three months from the time of such judgment, commence a new action in the proper court, and the time between the commencement of the first and last action shall not be counted in applying the limitation."

It is true, as the dates before pointed out show, that more than one year elapsed between the date of plaintiff's injuries, and the commencement of his action in the Clark Circuit Court; though it will be observed that less than three months passed between the first dismissal in the court below and the commencement of plaintiff's action in the Clark Circuit Court. The proposition of the defendant company is that the federal District Court, in which the action was originally commenced, is not a "court of this commonwealth" within the meaning of section 2545, and consequently that Merko's action does not fall within the three months' period there provided. This question has not been determined in the state of Kentucky, except in the present case; and we have not the benefit of an opinion of the learned trial judge.

The question is one of purely statutory intent. The District Court mentioned was of course created and its jurisdiction defined by acts of Congress. In the sense then of its origin and jurisdiction, the District Court is not a court of the commonwealth of Kentucky; but we cannot think that this is decisive of the present question. The pendency of a suit between the same parties and involving the same subject-matter, in both a state and federal court existing within a given state, does not warrant abatement of the suit in either tribunal (Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, 339, 27 Sup. Ct. 529, 51 L. Ed. 821); but this rule has no present pertinency, for the jurisdiction of each is foreign to that of the other. Here, in accordance with sec-

tion 721 (U. S. Rev. Stat.; Comp. St. 1913, § 1538), the state statutes of limitation involved must be "regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply" (Michigan Insurance Bank v. Eldred, 130 U. S. 693, 696, 9 Sup. Ct. 690, 691, 32 L. Ed. 1080); and thus the present question must in obedience to the federal statute depend solely upon a true interpretation of the state statute (section 2545). It is said that conditions prevailing in the system of procedure of Kentucky induced the legislative body of that state to enact section 2545. This does not, however, show an intent to restrict the extension provision to actions only that shall have been commenced in a court created by the state and there dismissed for want of jurisdiction. In the absence, as here, of distinct language to the contrary, the state Legislature is to be presumed to have legislated with reasonable reference to all similar conditions that might arise within the state, such as the commencement of cases and their failure for like reasons in a federal court under federal procedure within the state. When, for example, section 2545 was enacted in 1866 (Acts of Kentucky 1865–66, p. 74), it was well known that the right given by the federal judiciary act to a citizen of a state to be sued in the district of which he was an inhabitant was a personal privilege that might be waived by voluntary appearance (Gracie v. Palmer, 8 Wheat. 699, 700, 5 L. Ed. 719; Toland v. Sprague, 37 U. S. [12 Pet.] 300, 330, 9 L. Ed. 1093; Irvine v. Lowry, 39 U. S. [14 Pet.] 293, 299, 10 L. Ed. 462);[1] and the circumstance that the defendant company did not waive its privilege in the first suit brought by Merko in the court below would seem to furnish a strong illustration of a case which would fall fairly within a reasonable construction of the state statute; for the plea of defendant to the jurisdiction of the court in that case was not, as it plainly could not have been, aimed at the subject-matter of the suit, but only the parties; and yet in the end the same defendant, through the removal proceeding, sought and obtained the jurisdiction of the same court. The very idea of enacting the extension statute was to enlarge the time within which wrongs might be redressed, and so to prevent cases from failing otherwise than upon their merits; such a statute should not be narrowly construed.

We therefore think the present case is ruled by the decision in Ex parte Schollenberger, 96 U. S. 369, 376 (24 L. Ed. 853). A statute of Pennsylvania was there involved which required insurance companies organized under states foreign to Pennsylvania to do certain things as a condition precedent to their right to conduct business in the state, among which was to maintain an agency there to receive service of process in any suit commenced "in any court of this commonwealth"; and the question whether a federal Circuit Court was

---

[1] It is scarcely necessary to say that the same statutory policy and rule of decision still prevail, and regardless, too, of the fact that the plaintiff is an alien. Sections 24 and 51, Fed. Jud. Code (Act March 3, 1911, c. 231, 36 Stat. 1091, 1101 [Comp. St. 1913, §§ 991, 1033]); Lehigh Valley Coal Co. v. Yensavage, 218 Fed. 547, 549, 134 C. C. A. 275 (C. C. A. 2d Cir.); Eldorado Coal & Mining Co. v. Mariotti, 215 Fed. 51, 54, 131 C. C. A. 359, and citations (C. C. A. 7th Cir.); Fribourg v. Pullman Co. (C. C.) 176 Fed. 981, 983–4, and citations, and see Smith v. Farbenfabriken of Elberfeld Co., 203 Fed. 476, 482, 121 C C. A. 598 (C. C. A. 6th Cir.)

a "court of this commonwealth" within the meaning of the statute was directly presented. In the course of the opinion Mr. Chief Justice Waite said:

> "It was insisted in argument that the statute confines the right of suit to the courts of the state; but we cannot so construe it. There is nothing to manifest such an intention. * * * While the Circuit Court may not be technically a court of the Commonwealth, it is a court within it; and that, as we think, is all the Legislature intended to provide for."

We are unable effectively to distinguish the instant case from the rule of that decision; for there is no claim that Merko's first suit was not brought in the court below in "good faith" within the meaning of the statute. It results that the decision below must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes