### Fielder v. Hansbrough, et al.

(Decided June 23, 1922.)

#### Appeal from Franklin Circuit Court.

Limitation of Actions—Effect of Pending Actions—Applicability of Section 2545, Kentucky Statutes.—Plaintiff's cause of action occurred on June 27, 1918. He filed two suits, one on June 9, 1919, in J. circuit court, and one on June 10, 1919, in S. circuit court, and process was served in each case on defendants. S.

circuit court had jurisdiction and issue was joined. On October 9, 1919, plaintiff dismissed the suit in S. circuit court. On November 15, 1915, the suit in J. circuit court was dismissed for want of jurisdiction. On December 9, 1919, plaintiff sued in F. circuit court: Held, that section 2545, providing that where an action has been commenced in good faith in any court, and it shall be adjudged that such court had or has no jurisdiction of the action, plaintiff may within three months from the time of such judgment commence a new action in the proper court, and the time between the commencement of the first and last action shall not be counted in applying the limitation, did not apply, and the action in the F. circuit court was barred.

LESLIE MORRIS and D. MOXLEY for appellant.

HAMILTON & POLSGROVE and BECKHAM & GILBERT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On December 9, 1919, Gilbert Fielder brought suit in the Franklin circuit court against P. Hansbrough and others to recover damages for false arrest which occurred on June 27, 1918. In addition to other defenses the defendants pleaded the one year statute of limitations, and, in connection therewith, alleged that on June 10, 1919, plaintiff filed suit in the Shelby circuit court against the defendants on the same cause of action, and that the Shelby circuit court had jurisdiction of the defendants, and that issue was joined; that on October 9, 1919, plaintiff dismissed the suit in the Shelby circuit court without prejudice after issue had been joined on the merits, and rebrought the same suit against the same defendants for the same cause in the Jefferson circuit court, where he again dismissed said suit and rebrought this suit in the Franklin circuit court; that plaintiff did not by mistake in good faith bring suit at first in a court having no jurisdiction, but on the contrary, dismissed it after the court had acquired jurisdiction and the case was ready for trial; that, by reason of these facts, the cause was barred by the statute of limitations. In his reply to the defense of limitation, plaintiff stated that it was true that on June 10, 1919, he filed a similar suit in Shelby county, but that he had previously, on June 9, 1919, filed a petition asserting the same cause of action in the Jefferson circuit court, and that the suit in the Jefferson circuit court was filed in good faith with intention to try same to a finish; that process was served both in Shelby

county and in Jefferson county, and that after process was served in Jefferson county plaintiff dismissed his suit in Shelby county so that he could contest the action on its merits in Jefferson county; that on October 16th, the defendants filed a plea to the jurisdiction of the Jefferson circuit court, and that on October 25, 1919, the Jefferson circuit court decided that that court had no jurisdiction over the cause of action because it did not occur in Jefferson county and defendants did not live in that county; that on November 15, 1919, plaintiff declined to plead further, and the court dismissed his action in Jefferson county for want of jurisdiction; that on December 9, 1919, and within three months from the dismissal of the action in the Jefferson circuit court, this suit was filed on the same claim by plaintiff against the same defendants in the Franklin circuit court; that, under the statute in such cases made and provided, the time between the commencement of the first action in Jefferson county on June 9th and the filing of the last action in the Franklin circuit court on December 9, 1919, should not be counted in computing the period of limitation.

The Franklin circuit court sustained a demurrer to the foregoing paragraph of plaintiff's reply, and plaintiff having declined to plead further, his petition was dismissed. Plaintiff has appealed.

It is conceded that the action was barred unless the time for filing suit was extended by section 2545, Kentucky Statutes, which is as follows:

"Where an action has been or shall be commenced in due time and in good faith, in any court of this commonwealth, and the defendants, or either of them, have or shall make defense, and it shall be adjudged that such court had or has no jurisdiction of the action, the plaintiff or his representative may, within three months from the time of such judgment, commence a new action in the proper court, and the time between the commencement of the first and last action shall not be counted in applying the limitation."

The following facts are disclosed by the pleadings. The cause of action accrued on June 27, 1918. Within one year from that time appellant filed two suits on the same cause of action, one on June 9, 1919, in the Jefferson circuit court, and one on June 10, 1919, in the Shelby circuit court. Process in each suit was served on appellees. The Shelby circuit court had jurisdiction and issue was joined in that court. On October 9, 1919, appel-

lant dismissed the suit in the Shelby circuit court after issue had been joined on the merits.   On October 16th appellees filed a plea to the jurisdiction of the Jefferson circuit court, and the plea having been sustained, the action was dismissed on November 15, 1919.   On December 9, 1919, this action was brought in the Franklin circuit court.

As appellant first proceeded in a court having no jurisdiction, and then brought suit in the Franklin circuit court within three months after the first action was dismissed for want of jurisdiction, counsel for appellant earnestly insists that the case falls within the letter of the statute, and the fact that he also brought suit in the Shelby circuit court is wholly immaterial.   His argument is that the purpose of the statute was to give a plaintiff who had made the mistake of bringing suit in a court having no jurisdiction an opportunity to proceed in a court having jurisdiction, and as he had two suits pending, he had the right to elect which one he would prosecute, and he should not suffer for his mistake in dismissing the suit in the court having jurisdiction and electing to prosecute the suit in the court having no jurisdiction.   Counsel is right in his contention as to the purpose of the statute.   It was designed to give a party who first proceeded in the wrong court an opportunity to proceed in the right court, but the statute contemplates only one opportunity.   Hence, if it is made to appear, as in this case, that the litigant has already proceeded in the proper court, and of his own motion has dismissed the suit after the action was barred by limitation, the statute does not apply and the bar is complete, although another action in another court was dismissed for want of jurisdiction. It follows that the court correctly adjudged that the cause of action was barred.

Judgment affirmed.