Foster OCKERMAN, Ancillary Administrator of the Estate of Leander Siebenhar, Deceased, Appellant,

v.

Grover N. WISE, Trading and Doing Business as Wise Transfer Line, Appellee.

Court of Appeals of Kentucky.

Nov. 19, 1954.

Rehearing Denied Jan. 28, 1955.

Yancey, Martin & Ockerman, Lexington, Coleman Kiss, Cleveland, Ohio, for appellant.

Woodward, Hobson & Fulton, Louisville, for appellee.

MILLIKEN, Justice.

The decision in this case turns on whether the one year statute of limitations (KRS 413.120) governing actions for wrongful death, Irwin v. Smith, 150 Ky. 147, 150 S.W. 22, has been tolled within the meaning of KRS 413.270, which provides:

"If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within three months from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation."

On February 12, 1951, Leander Siebenhar, a resident of Ohio, was killed in an accident in Kentucky. His Ohio administrator brought suit in the District Court of the United States for the Western District of Kentucky against Grover N. Wise, seeking to recover damages for his death, and this suit was dismissed on July 12, 1951, on the ground that the Ohio administrator could not maintain the suit in Kentucky. 16 F.R.D. 479. On January 20, 1952, appellant herein, as ancillary administrator, instituted an action in the District Court of the United States for the Eastern District of Kentucky, seeking to recover for Siebenhar's death, and that suit was dismissed on April 28, 1952, because that court had no jurisdiction, since both plaintiff and defendant were residents of Kentucky and, as a result, there was not the requisite diversity of citizenship for Federal jurisdiction. An appeal from this judgment was taken to the United States Court of Appeals, and the judgment was affirmed on February 16, 1953. 6 Cir., 202 F.2d 144. Then, on May 4, 1953, this action was instituted by appellant in the Oldham Circuit Court, again seeking to recover damages for the death of his decedent. The Oldham Circuit Court dismissed the suit on appellee's plea of limitation because the suit in the Circuit Court was instituted more than three months after judgment was rendered in the United States District Court for the Eastern District of Kentucky, and more than a year after the death.

It will be noted that the quoted statute says "any court of this state", and the question naturally arises whether a Federal court located in Kentucky is a "court of this state" within the meaning of the statute. We have not ruled on this question directly. In Vassill's Adm'r v. Scarsella, 292 Ky. 153, 166 S.W.2d 64, it was held that a suit filed in a Federal court in Kentucky by a foreign administrator, who had not qualified under Kentucky law, did not operate to toll the statute of limitations because it was not brought by a qualified party. The legal effect of that decision on the case at bar is to eliminate the suit filed in the United States District Court for the Western District of Kentucky from our consideration in construing the quoted statute, because it too was not filed by a qualified party. Consequently, we are not confronted with invoking the statute more than once in the same litigation, a practice condemned in Fielder v. Hansbrough, 195 Ky. 574, 242 S.W. 832. Although there is authority to the contrary, the general rule is that a dismissal in a Federal court is not a bar to a new action in a state court, and that the proceeding is within the saving clause of a state statute. 34 Am.Jur., Limitations of Actions, Section 283; page 230; Adcox v. Southern Ry. Co., 182 Tenn. 6, 184 S.W.2d 37, 156 A.L.R. 1097. Our statute was construed by the United States Circuit Court of Appeals, Sixth Circuit, in Merko v. Sturm & Dillard Co., 233 F. 68, 70, in conformity to the general rule, and a Federal court was held to be a "court of this state" within the meaning of the statute, the court saying:

"In the absence, as here, of distinct language to the contrary, the state Legislature is to be presumed to have legislated with reasonable reference to all similar conditions that might arise within the state, such as the commencement of cases and their failure for like reasons in a federal court under federal procedure within the state. * * * The very idea of enacting the extension statute was to enlarge the time within which wrongs might be redressed, and so to prevent cases from failing otherwise than upon their merits; such a statute should not be narrowly construed."

We concur in this construction of the statute, and conclude that a Federal court in this state is a "court of this state" for the purpose of the statute.

Concluding that an action instituted in a Federal court in Kentucky is in a "court of this state" within the meaning of the statute, the next question to be decided is whether the three months allowed by the statute began to run when the judgment was rendered by the District Court of the United States for the Eastern District of Kentucky or when judgment was affirmed by the United States Court of Appeals. Appellee relies on Gray v. Sawyer, Ky., 252 S.W.2d 10, wherein we construed Section 344 of the Civil Code of Practice, which limited applications for new trials for newly discovered evidence to a period of three years "'after the final judgment was rendered'". We held that the final judgment referred to by Section 344 was the judgment in the trial court, not the ruling on appeal, saying:

"What convinces us that the 'final judgment' referred to in § 344 means the final judgment in the circuit court, is that new trials are not favored by courts and it is important that litigation be brought to an end. Affirmance of a judgment obviously does not make it less than final. It confirms finality."

On the other hand, appellant relies on cases from other jurisdictions which hold that the time is computed from the date of the appellate determination. The authorities are far from united on the question. 83 A.L.R. 478. Although the New York statute is quite different from ours and expressly stipulates that the limitation should not run for a year after reversal or termination on appeal, we are impressed by the reasoning of the New York Court of Appeals in Wooster v. Forty-Second St. & G. St. Ferry R. Co., 71 N.Y. 471, at page 473, to the effect that "It would be an inconvenient construction to hold that the

plaintiff, in a case like this, must bring a second action while the appeal to the court in the first action is pending, in order to save his cause of action from being barred by statute." There is a vast difference between considering a judgment final for the purposes of a new trial, and considering a judgment on procedural matters final when no hearing at all has been had on the merits.

 We conclude that the judgment referred to in the statute, KRS 413.270, is the decision which finally determines the disputed issue over the court's jurisdiction —the trial court's judgment if there is no appeal, but the appellate court's ruling if there is an appeal. This view is consistent with the prime purpose of the statute— to afford a full opportunity for a hearing on the merits.

In his quest for the proper forum a plaintiff may irritate a defendant with a prolixity of litigation, but this is not proscribed by the statute unless it is done in bad faith. In the case at bar; we do not find that the appellant (plaintiff) acted in bad faith for the purpose of creating a sufficient nuisance of himself, for example, to effect a settlement for nuisance value. Rather, it appears to us that the appellant (plaintiff) confidently selected his route and started his trip without inspecting his juridical road maps, a frame of mind likely to cause delays on either the path of justice or the public highway.

In the case at bar, the suit on the claim for wrongful death never reached a court having jurisdiction until it was filed in the Oldham Circuit Court on May 4, 1953, over two years after the death and about three months after the decision on appeal in the United States Court of Appeals. Nevertheless, the second suit in the Federal court— the one filed in the United States District Court for the Eastern District of Kentucky —was commenced within a year of the death, and hence was within time. It is the concensus of the court that the statute was tolled from the date of the filing in the United States District Court for the East-

ern District of Kentucky on January 20, 1952, until the decision on appeal, February 16, 1953, and since the present action was filed on May 4, 1953, it was filed within three months of the time of that judgment as authorized by statute.

The judgment dismissing the action is reversed.