J. Floyd LAIR, Ancillary Administrator, Estate of George Seymour, Deceased, Appellant,

v.

Tom JOHNSON, DBA Hazard Express Company, Appellee.

Court of Appeals of Kentucky.

May 9, 1958.

Elwood Rosenbaum, Lexington, Paul E. Adkins, Circleville, Ohio, for appellant.

O. J. Cockrell, Jackson, E. B. Rose, Beattyville, for appellee.

CAMMACK, Judge.

In August 1955, the appellant, J. Floyd Lair, ancillary administrator of the estate of George Seymour, deceased, instituted this action in Powell County against the appellee, Tom Johnson, doing business as Hazard Express Company, to recover damages for the alleged wrongful death of George Seymour in May 1954. The appellee, pleading limitation, moved for a summary judgment. The judgment from which this appeal is taken sustained the appellee's motion and dismissed the complaint.

The appellant contends that, since this action was instituted within three months after the dismissal by a Federal Court of an action based on the same claim, he is entitled to proceed under the provisions of KRS 413.270. The appellee argues that KRS 413.270 is inapplicable because lack of jurisdiction (the point covered by the statute) was not the basis for the Federal Court's dismissal.

George Seymour, a resident of Ohio, died in Fayette County, in May 1954, from injuries received in a collision involving one of the appellee's vehicles in Powell County. Within one year an action for damages for Seymour's alleged wrongful death was filed in the United States District Court for the Eastern District of Kentucky by his Ohio appointed personal representatives. The appellee moved to dismiss on the ground that a foreign personal representative does not have capacity to sue in Kentucky. The appellant was appointed administrator with the will annexed by the Fayette County Court on June 6, 1955, and on the same date the Ohio representatives filed a motion in Federal Court to amend their complaint and make the appellant, J. Floyd Lair, in the action now before us a party plaintiff. On July 29, 1955, the Federal District Court overruled the motion to amend and sustained the motion to dismiss. Thereafter the Ohio representatives prosecuted an appeal to the Circuit Court of Appeals, 6 Cir., 235 F.2d 181, and the appellant herein instituted this action.

The appellant argues that the case of Ockerman v. Wise, Ky., 274 S.W.2d 385, is authority for the procedure followed in this case and that there is no case holding that KRS 413.270 does not cover such a situation. In the Ockerman case the Kentucky administrator qualified before the end of the limitation period. The Federal Court ruled it had no jurisdiction because there was no diversity of citizenship. We pointed out that KRS 413.270 authorizes an action to be commenced within three months after a Federal Court decision which finally determines a dispute over jurisdiction.

In the instant case the Kentucky administrator did not qualify in time. The Federal Court took jurisdiction but dismissed the case because foreign personal representatives do not have capacity to sue in Kentucky. Since no suit was instituted by a proper party within one year after the death of George Seymour, the instant suit came too late.

Judgment affirmed.