Rita SHIRCLIFF and Raphael M. Shircliff, Plaintiffs-Appellants,

v.

Mary A. ELLIOTT and Mose L. Elliott, Defendants-Appellees.

No. 17629.

United States Court of Appeals
Sixth Circuit.

Nov. 8, 1967.

Stanley A. Stratford, Louisville, Ky. (Campbell & Stratford, Louisville, Ky., on the brief), for appellants.

John P. Sandidge, Louisville, Ky. (Robert C. Hobson, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, Ky., on the brief,) for appellees.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

Appellants instituted an action for personal injury and property damage in the Federal District Court for the Western District of Kentucky. The injuries and damages resulted from a two-car col-

lision that occurred on the Fort Knox United States Military Reservation, so jurisdiction could be based on either diversity of citizenship or a federal question.

Although the accident occurred on May 4, 1965, the Appellants did not file suit until May 3, 1966, one day before the running of the statute of limitations, in the Jefferson County Circuit Court. The action was dismissed for lack of venue on May 20, 1966. The Appellants then brought a second action in the Circuit Court of Hardin County, which was likewise dismissed for lack of venue. On June 23, 1966, thirty-two days after the dismissal in the first action, Appellants filed their action in the United States District Court for the Western District of Kentucky. Upon motion by the Appellees, the District Court dismissed the action, without prejudice to the institution of another action for property damage, on the grounds that the personal injury action was barred by the Kentucky statute of limitations. From this dismissal Appellants instituted this appeal.

Recognizing the unfairness of barring a plaintiff's action solely because of a procedural error, Kentucky, as many other States, has a saving statute that prevents the barring of timely suits that are dismissed for reasons other than on the merits after the period of limitations has run. See Annot., 6 A.L.R.3rd 1043 (1966); Burnett v. New York Central R. Co., 380 U.S. 424, 431, nn 8 and 9, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).

K.R.S. § 413.270 provides:

"If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation."

If this statute applied to the situation in the instant case, the Appellants' complaint in the District Court would have been timely filed. The District Court, however, considered that the interpretation placed on K.R.S. § 413.270 by Fielder v. Hansbrough, 195 Ky. 574, 242 S.W. 832 (1922), allowed a mistaken plaintiff only one chance during the ninety-day grace period to find the proper court. Since K.R.S. § 413.270 had already been invoked once in the Hardin County Circuit Court, the District Judge was of the opinion that it could not be invoked again for the purposes of the instant suit.

Under K.R.S. § 413.270 it seems apparent that successive suits do not give rise to successive ninety-day extensions. An extension can be based only on "an action * * * commenced in due time". Once properly available, however, the grace period should not be cut short by a dismissal based on the same "time-consuming and justice-defeating technicalities", Goldlawr, Inc. v. Heiman, 369 U. S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962), whose harsh effects the saving statute was enacted to avoid. Other jurisdictions have interpreted their saving statutes to prevent this result; Dressler v. Carpenter, 107 Ark. 353, 155 S.W. 108 (1913); Marshall Motor Co. v. Universal Credit Co., 219 N.C. 199, 13 S. E.2d 230 (1941); Schock v. J. A. Frazer & Co., 6 Ohio Dec.Reprint 1078 (1881); Boyce v. Southern R. Co., 5 Tenn.Civ. App. 140 (1914) (dictum); and we find that the Fielder decision did not so limit the remedial benefits of K.R.S. § 413.270.

In *Fielder* the plaintiff instituted two suits simultaneously. During the period of limitations, he voluntarily dismissed the suit that had been brought in the proper court, and after the period of limitations had run, his suit in the second court was dismissed for lack of jurisdiction. The plaintiff then tried to get his suit back into the proper court during the ninety-day grace period. The Kentucky Court of Appeals held that Section 413.270 was inapplicable because the plaintiff had been in the proper court one time, and the statute contem-

plated only one chance in the proper court. This interpretation of the statute is consonant with a policy to prevent the plaintiff from harassing the defendant into a nuisance settlement by instituting suits in bad faith and then taking voluntary dismissals. But here the plaintiffs have never been in the proper court except this one time. It would not serve the policy expressed in *Fielder* to deny the Appellants this one chance for a trial on the merits of their case.

■■ A resolution of the issue in this case involves merely a problem of statutory interpretation. The difficulty arises from having to apply a Kentucky statute to a situation that is not clearly controlled by any Kentucky precedent. In reaching a result, this Court must apply the statute in a manner consonant with the literal meaning of its terms and in a manner to best effectuate its overriding purpose. The Kentucky Court of Appeals expressed the purpose of the Kentucky saving statute in Ockerman v. Wise, 274 S.W.2d 385 (Ky.1954). Holding that the ninety day grace period did not begin to run on a dismissal from a Federal District Court until that dismissal had been affirmed on appeal, the Court said:

> "This view is consistent with the prime purpose of the statute to afford a full opportunity for a hearing on the merits * * * In his quest for the proper forum a plaintiff may irritate a defendant with a prolixity of litigation, but this is not proscribed by the statute unless it is done in bad faith. * * *" at 387.

When a plaintiff has shown the proper diligence required by the applicable statute of limitations but has filed in an improper court, the saving statute provides him a further period of time in which to find the proper court. If subsequent abortive attempts to find the proper court are not prosecuted in bad faith, the *Ockerman* decision indicates that the

number of such attempts is immaterial so long as the proper court is found before the grace period runs. No suggestion has been made that the Appellants have been acting in bad faith, or in any manner except under a mistaken view of the proper forum.

Appellees suggest, however, that even if the above is granted the saving statute applies only to cases where "it is adjudged that the court has no jurisdiction of the action * * *," not to cases where the suit is dismissed for lack of venue. This Court is aware that there is a fundamental distinction between jurisdiction and venue. But this Court is also aware of the common confusion of the terms, and the problem in this case is not to determine the meaning of jurisdiction as it concerns the power of the court to decide a case but to determine what was comprehended in the meaning of the term as used in this saving statute.

■ The Kentucky Court of Appeals has treated venue in some cases as a limitation on the jurisdiction of the court. E. g. Southeastern Greyhound Lines v. Conklin, 303 Ky. 87, 196 S.W.2d 961 (1946); Stevens, Venue Reform in Kentucky—A Proposal, 40 Ky.L.J. 58, 60 (1951). Venue in local actions is often considered jurisdictional, and some courts have interpreted venue statutes as "localizing" formerly transitory actions. E. g. T.C.A. § 20–401 (1955); Curtis v. Garrison, 211 Tenn. 339, 364 S.W.2d 933 (1963).[1] Considering this almost universal interchanging of the two concepts and considering the remedial purposes of the saving statute, "jurisdiction" as used in K.R.S. § 413.270 should not be narrowly construed to its strict legal meaning. Merko v. Strum & Dillard Co., 233 F. 68 (6th Cir., 1916).

■ Although the saving statute has been held inapplicable to suits by administrators that are dismissed for lack of capacity, Lair v. Johnson, 313 S.W.2d 272

---

1. The confusion of jurisdiction and venue is not limited to Kentucky and Tennessee. The misapplication of the two concepts is almost universal among the States. Confusion is especially apparent in legislation where jurisdictional language is often used in venue statutes. See Stevens, Venue Statutes: Diagnosis and Proposed Cure, 49 Mich.L.Rev. 307 (1951).

(Ky.1958), recent cases have alluded to K.R.S. § 413.270 as a possible method to ameliorate the harsh results of dismissals that are made for reasons other than lack of jurisdiction. Cf. Black v. Tichenor, 396 S.W.2d 794 (Ky.1965); Clark v. Tecon Corporation, 371 S.W.2d 861 (Ky. 1963). To effect the prime purpose of K.R.S. § 413.270 to afford a full opportunity for a hearing on the merits, it seems clear that the legislative intent embodied in the phrase "no jurisdiction" must at least comprehend "lack of venue."

We find that the Appellants filed in the proper court before the expiration of the ninety-day grace period granted under K.R.S. § 413.270 and are not barred from a trial on the merits of their case by reason of the statute of limitations.

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.