Johnny BLAIR, Appellant,

v.

**PEABODY COAL COMPANY, Appellee.**

**No. 94–CA–2151–MR.**

Court of Appeals of Kentucky.

Nov. 3, 1995.

John C. Carter, Harlan, for appellant.

Byron N. Miller, Scot A. Duvall, Louisville, for appellee.

Before GUDGEL, HUDDLESTON and JOHNSTONE, JJ.

GUDGEL, Judge.

This is an appeal from an order entered by the Union Circuit Court dismissing appellant's personal injury claim against appellee. Appellant contends that the trial court erred by failing to apply the provisions of KRS 413.270 so as to determine both that the applicable one-year statute of limitations was tolled and that his action was timely filed. We disagree. Hence, we affirm.

Appellant allegedly was injured on August 19, 1992, while operating machinery in a Kentucky coal mine owned and operated by appellee. Based upon the mistaken belief that appellee's principal place of business was in St. Louis, appellant's claim against appellee was filed on August 17, 1993, in the United States District Court for the Eastern District of Missouri. On February 3, 1994, that action was dismissed for lack of subject matter jurisdiction after it was shown that appellee's principal place of business was in Henderson, Kentucky.

Appellant then filed this action in the Union Circuit Court on April 27, 1994, relying upon the provisions of the Kentucky "savings statute," KRS 413.270. Subsequently, the court granted appellee's motion to dismiss the action. This appeal followed.

KRS 413.270 provides that:

(1) If an action is commenced in due time and in good faith *in any court of this state* and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

(2) As used in this section, *"court" means all courts,* commissions, and boards which are judicial or quasi-judicial tribunals *authorized by the Constitution or statutes of the Commonwealth of Kentucky or of the United States of America.* (Emphasis added.)

In *Ockerman v. Wise,* Ky., 274 S.W.2d 385 (1954), Kentucky's highest court applied KRS 413.270 when holding that the applicable statute of limitations did not bar the refiling of a state court action within three months of a federal appellate decision which affirmed the judgment of the District Court for the Eastern District of Kentucky that it lacked jurisdiction over the action. Our court specifically determined that for purposes of KRS 413.270, "a Federal court *in* this state is a 'court *of* this state.'" (Emphasis added.) *Id.* at 387. *See also Ex parte Schollenberger,* 96 U.S. 369, 24 L.Ed. 853 (1877); *Merko v. Sturm & Dillard Co.,* 233 F. 68 (6th Cir. 1916), *cert. denied,* 242 U.S. 630, 37 S.Ct. 14, 61 L.Ed. 536 (1916). However, we have found no Kentucky case which specifically addresses the issue of whether a federal court located outside of Kentucky constitutes a court "of" this state for purposes of KRS 413.270. *But see Andrew v. Bendix Corporation,* 452 F.2d 961 (6th Cir.1971), *cert. denied,* 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972). (Ohio savings statute had no application where the previous action was dismissed in the District of Columbia.)

 Appellant argues that the phrase "court of this state" clearly includes any judicial tribunal, such as that in which this action was originally filed, "which applies the substantive law *of* the Commonwealth of Kentucky" (emphasis in original), even if that tribunal is not located within the geographical boundaries of Kentucky. However, in the absence of anything to indicate that a contrary meaning was intended, it is clear to us that the phrase "in any court of this state" includes only those federal or state "courts," as defined in KRS 413.270(2), which are physically located within the state of Kentucky. To hold otherwise, as appellant urges, would be contrary to our duty to accord the words of the statute "their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *See Bailey v. Reeves,* Ky., 662 S.W.2d 832, 834 (1984). *See also Clevinger v. Board of Education of Pike County, Kentucky,* Ky., 789 S.W.2d 5 (1990); KRS 446.080(4).

Moreover, we are not persuaded by appellant's argument that we should apply the savings statute here in the same manner as it would be applied to an appeal taken from an action originating in a federal district court located in Kentucky. Appellant in essence argues that since the savings statute would apply to an action from which an appeal was taken to the Sixth Circuit Court of Appeals in Cincinnati, *see Ockerman, supra,* the savings statute should similarly apply to the action herein which involves an out-of-state federal district court. As noted by appellee, however, appellant's example is not analogous to the situation before us since the KRS 413.270(1) reference to "any court of this state" pertains only to the place in which an action is commenced, rather than to the location of the court to which an appeal might be taken.

The court's order is affirmed.

All concur.