## JAMES v. HOLT.

Court of Appeals of Kentucky.
Dec. 6, 1951.

B. M. Vincent, T. H. Demunbrun, Brownsville, for appellant.

V. R. Logan, Brownsville, for appellee.

CULLEN, Commissioner.

On appeal from a judgment against him in an automobile negligence case, the defendant contends that the court erred in denying his motion for a peremptory instruction, because the plaintiff failed to prove venue.

The action was brought in Edmonson County. The petition alleged that the accident occurred in Edmonson County. The defendant's answer consisted only of a general denial. In the proof, there was no specific evidence that the place of the accident was in Edmonson County.

There is no general rule of law requiring that the plaintiff, in his petition, allege facts establishing that he is bringing the action in the proper county under the statutes governing venue. If he chooses to allege such facts, they are not material to his cause of action, and there is no necessity that he prove them, at least where no issue as to venue is raised by the defendant's pleadings.

If the petition shows on its face that the action is being brought in the wrong county, the defendant may raise the objection by special demurrer; otherwise, the objection must be raised by a special plea under Section 118 of the Civil Code of Practice. Pinnacle Motor Co. v. Simpson, 216 Ky. 184, 287 S.W. 566; Richardson v. Louisville & N. R. Co., 129 Ky. 449, 111 S. W. 343, 112 S.W. 582. If the defendant does not properly raise the question of venue, any objection as to venue is waived. Pinnacle Motor Co. v. Simpson, supra.

The provision of Section 74 of the Civil Code of Practice that a personal injury action must be brought in the county in which the defendant resides, or in which the injury was done, is not an absolute requirement, but is one that must be invoked by the defendant if he wishes to compel

compliance with it. If he does not invoke it by proper pleading, the question of venue becomes immaterial.

Under the pleadings in this case, the plaintiff had no obligation to prove his allegation that the accident occurred in Edmonson County.

The appellant, in a general way, complains of other errors in the case. The questions he raises are not embraced in the statement of points and authorities in his brief, as required by Rule 1.340 of this Court, and for that reason we would be justified in ignoring them. However, we have considered the questions, and find no merit in appellant's contentions.

The judgment is affirmed.