**LICKING RIVER LIMESTONE COM-
PANY, Appellant,**

v.

**Melvin HELTON and Kenneth Helton,
Appellees.**

Court of Appeals of Kentucky.

March 24, 1967.

Earl R. Cooper, Salyersville, for appellant.

Marcus Mann, Arnett Mann, Salyersville, G. C. Perry, III, Paintsville, for appellees.

STEINFELD, Judge.

This is an action to recover for personal injuries sustained by Messrs. Helton and for damage to a truck. From a judgment of $1,000.00 in favor of Kenneth Helton and a judgment awarded to Melvin Helton for $3,500.00, both against Licking River Limestone Company, it appeals.

On June 28, 1963, Melvin Helton was driving a dump truck owned by him about ¼ of a mile away from the gravel quarry owned and operated by Licking River Limestone Company (hereinafter called Company) in Morgan County, Kentucky. Ken-

neth Helton was a passenger. While in Morgan County the truck in which the two Heltons were riding met a truck going in the opposite direction which they claimed was owned and operated by Company. The Heltons testified that this truck forced Melvin to pull his truck over on the shoulder of the road and to turn over in a field adjacent thereto. Both Kenneth and Melvin were injured and Melvin's truck was damaged substantially.

At the time the accident occurred Messrs. Helton resided in Magoffin County. The office and place of business of Company was in Morgan County.

Kenneth Helton filed suit in the Magoffin Circuit Court naming Company and Melvin Helton as defendants. After summons were served Melvin filed a motion to dismiss, claiming that the complaint did not state a cause of action against him "upon which this court may grant relief." Company filed a similar motion "because the complaint fails to state a claim against this defendant upon which relief can be granted." A deposition of Kenneth was taken for the purpose of discovery but no one was present representing Company. Melvin, by counsel, moved for a summary judgment and filed in support thereof the deposition just referred to.

The motions to dismiss had not been ruled upon by the court when Company filed an answer. It alleged that "The complaint fails to state a claim against * * * Company, upon which relief can be granted." It admitted various allegations including that Messrs. Helton are citizens and residents of Magoffin County, Kentucky, and were at all times mentioned in the complaint, and that on the 28th day of June, 1963, Kenneth was a passenger in the truck owned and driven by Melvin "on the Licking River Road in Magoffin County, Kentucky near Pomp, Kentucky." All other allegations of the complaint were denied. Various depositions were taken at which counsel for Company was present. There were various motions made for summary

judgment for and against various parties, but these motions were not predicated upon alleged lack of jurisdiction or venue.

Melvin Helton filed a separate answer and cross claim against Company on the same day that Kenneth Helton dismissed his claim against Melvin Helton, it having been settled. Kenneth reserved his claim against Company and Melvin reserved his cross claim against Company. Later Company moved that the cross claim of Melvin be dismissed "for the reason that the accident complained of occurred in Morgan County, and that the chief office and place of business of Licking River Limestone Company is Morgan County." Company filed an amended answer to the complaint in which it alleged "That the collision and injuries referred to in the complaint occurred in Morgan County, Kentucky, and that the chief office and place of business of Licking River Limestone Company is in Morgan County, Kentucky." They also alleged "That the venue of this action is in Morgan County, and it objects to any proceedings against it herein." It demanded that the complaint be dismissed. The same defense was made to the cross claim. These motions were overruled and the case went to trial resulting in jury verdicts in the amounts hereinabove mentioned.

Company claims that the venue of the action was not in Magoffin Circuit Court and that there was insufficient evidence to show liability on the part of Company. It also complains that counsel for Messrs. Helton was guilty of improper argument to the jury which was prejudicial and that the court erred in refusing to give certain instructions offered by Company.

 Unless the venue was waived, KRS 452.460 fixed Morgan County as the proper place for an action against both defendants, for that was where the collision occurred. Crume v. Taylor, 272 Ky. 585, 114 S.W.2d 1119. However, the action as to only Melvin Helton was properly brought in Magoffin County, for he resided there. Appellees contend that Company waived

the question of venue by timely failing to object. CR 12.02. They cite Martin v. Cornett-Lewis Coal Co., Ky., 287 S.W.2d 164 wherein the Pike Circuit Court was affirmed in dismissing an appeal from a final order of the workmen's compensation board.

The complaint showed the place of residence of Messrs. Helton to be Magoffin County and the place of the accident to be Morgan County but it did not show where were located the principal office or place of business of Company. The motion to dismiss "because the complaint failed to state a claim" could not have been sustained by the trial court on the assertion that it lacked venue to try the action. The answers of Company did not allege lack of venue but reiterated its allegation that no claim against it was stated.

 Such a motion as Company filed admits the facts which have been well pleaded but challenges the legal sufficiency of the claims which are asserted. Nicholson Transit Co. v. Bassett, D.C.Ill., 42 F. Supp. 990. The complaint did not show on its face that there was a lack of venue; therefore, the question of lack of venue was not presented by that pleading.

The issue of lack of venue was first raised as to Kenneth by the amended answer which was filed after counsel for Company participated in taking depositions, answering interrogatories and moving for summary judgment. This was too late and appellant does not contend as to the claim of Kenneth that venue was not waived. CR 12.08. Gillen v. Illinois Central R. R. Co., 137 Ky. 375, 125 S.W. 1047; Pinnacle Motor Co. v. Simpson, 216 Ky. 184, 287 S.W. 566; James v. Holt, Ky., 244 S.W.2d 159.

 Melvin filed a cross claim against Company. It answered asking dismissal of Melvin's cross claim because of lack of venue, and it moved to dismiss on that ground. Venue having been established with respect to the original action it existed as to this cross claim. The purpose of

our civil rules is to provide a one form of action system in which litigants who are properly joined are afforded means of settling entire controversies with minimum of expense and procedural steps. CR 1; Fox v. House, D.C.Okl., 29 F.Supp. 673; 6 Ky. Practice, Clay 240.

■ Melvin's release by dismissal because of settlement did not cause the court to lose jurisdiction over Company on the cross claim of Melvin. Worthington v. Commonwealth, By, Through and ex rel Smith, Ky., 304 S.W.2d 926.

Appellant challenges the judgment by claiming that there was insufficient evidence that its truck with a driver for whose acts it was responsible caused the accident. He cites Consolidated Coach Corp. v. Bryant, 260 Ky. 452, 86 S.W.2d 88, Williams v. Coleman's Adm'x, 273 Ky. 122, 115 S.W.2d 584 and Spencer's Adm'r v. Fisel, 254 Ky. 503, 71 S.W.2d 955 to support his claim that the burden was upon the claimants to show that the employee driver was operating the vehicle on the business of his employer and within the scope of his authority. Bowling v. Lewis, Ky., 287 S.W.2d 629; R. L. Jeffries Truck Line v. Brown, 303 Ky. 405, 197 S.W.2d 904; Bogner v. Kendle, 309 Ky. 221, 217 S.W.2d 211; Broadway Motors v. Bass, 252 Ky. 628, 67 S.W.2d 955.

Melvin testified that the truck which forced them to get out of its way had written on the door "L 50 D, Licking River Limestone Company"; that he had seen it before and knew it was a truck belonging to Company. He did not recognize the driver. Another witness, a truck driver, stated that he was driving a truck for Company in June 1963 and was proceeding in the same direction shortly ahead of Melvin's truck when Company's L 50 D truck passed him proceeding in the direction from which Melvin and Kenneth had come. He stated that the driver was Bill Smith who had been working for Company three or four days; that Bill rode to work with Kenneth and he was positive that he recognized Bill as the driver.

■ The President of Company admitted that it owned a truck "L 50 D in operation in hauling gravel" and in doing so it had occasion to use the road past the scene of the accident because "That was the only road, just the one road to the quarry." The testimony, together with the proximity of the quarry, was sufficient to meet the burden of going forward which was on the two claimants. Mullen & Haynes Co. v. Crisp, 207 Ky. 31, 268 S.W. 576; Webb v. Dixie-Ohio Express Co., 291 Ky. 692, 165 S.W.2d 539; Union Transfer & Storage Co. v. Fryman's Adm'r, 304 Ky. 422, 200 S.W.2d 953.

■ There was evidence to the contrary, and testimony of Melvin which may have been contradictory of other statements made by him; therefore, this became an issue for the jury to decide after being properly instructed. Bogner v. Kendle, supra; Oldfield v. Owens, 292 Ky. 183, 165 S.W.2d 952.

Company argues that the judgment should be reversed because the court did not give the instructions offered by Company. We find that the instructions given to the jury were substantially in the form offered by counsel and that this complaint is without merit.

■ Company complains of the failure of the court to admonish the jury not to consider argument by Kenneth's counsel when he said that Company had plenty of money and that Kenneth had none and Company did not help to pay the medical bills. Timely objection was made which was sustained. No motion to admonish the jury was made, therefore, this complaint is without merit. R. B. Tyler Co. v. Cantrell, 281 Ky. 718, 137 S.W.2d 401; Louisville & N. R. Co. v. McEwan, Ky., 51 S.W. 619.

■ Company claims that the verdicts are excessive. The truck which cost $4,400.00 had been driven only 8,000 miles. The repair bill was $814.17. Melvin was injured in his side, his leg and had "a knot on his head". He testified that he lost

seventy days from his work, and he earned $12.50 per day. An award of $3,500.00 including the damage to the truck is not so large as to strike one at first blush as being excessive. Kenneth sustained serious injuries to his back with tearing of muscle tissue and ligaments, resulting in a chronic low back syndrome. He was disabled at the time of the trial sixteen months after the accident. There is no merit in the claim that he received an excessive award. Hedges v. Neace, Ky., 307 S.W.2d 564; Fields v. Baker, Ky., 329 S.W.2d 376 and Koch v. Stone, Ky., 332 S.W.2d 529.

The judgment is affirmed.

All concur.