**D. & J. LEASING, INCORPORATED,**
*Appellant,*

v.

**HERCULES GALION PRODUCTS, INC.,**
*Appellee.*

Court of Appeals of Kentucky.

June 28, 1968.

Herbert S. Melton, Jr., Paducah, F. L. Pearl, Pearl & Trevathan, Louisville, for appellant.

O. Grant Bruton, Middleton, Seelbach, Wolford, Wills & Cochran, Louisville, for appellee.

MILLIKEN, Judge.

The questions here are whether the appellant, which filed its original action in the wrong venue where the statute of limitations ran against it, is entitled to the benefit of the ninety day saving-period afforded by KRS 413.270 or the six months saving-period of KRS 355.2–725 of the Uniform Commercial Code to file it in the court of proper venue in such circumstances, and whether the peculiar phraseology of the latter statute precludes it from having the benefit of either or both savings-periods.

The appellant, D. & J. Leasing, Incorporated (plaintiff below), of Paducah, was engaged in the owning and leasing for hire of various types of transportation equipment, and bought and paid for four coke trailers specifically designed and manu-

factured for that purpose by the Kingham Trailer Company, Incorporated, by which name the appellee, Hercules Galion Products, Incorporated, was known at that time. The negotiations culminating in the sale in late 1960 occurred both in Paducah and in Louisville where Hercules' engineering and designing department was located, but apparently, as the litigation for breach of warranty progressed, both litigants became convinced that the action should have been filed in the Jefferson Circuit Court at Louisville rather than in the McCracken Circuit Court at Paducah where the original action was filed. But, alas, the statute of limitations had run in the meantime.

D. & J. filed its original action in the McCracken Circuit Court at Paducah, on August 2, 1962, and on August 23, 1962, Hercules moved to dismiss the action for improper venue, and did so again on December 19, 1962, after D. & J. had filed an amended complaint. No action was taken on Hercules' motions to dismiss, but D. & J. came around to that viewpoint and on June 7, 1965, moved the court to dismiss without prejudice its complaint for lack of jurisdiction of the subject matter, and the court dismissed it by an order of that date which said:

"The motion of the plaintiff to dismiss the above-styled action without prejudice on the grounds that this court does not have jurisdiction of the subject matter having come on regularly to be heard, and the court being sufficiently advised,

IT IS HEREBY CONSIDERED AND ORDERED that the above-styled action be dismissed without prejudice to the plaintiff and the cost herein be assessed to the plaintiff."

Three days later, on June 10, 1965, the plaintiff, D. & J., filed the present action in the Jefferson Circuit Court at Louisville and that court rendered summary judgment for Hercules on August 9, 1966, on the ground that the statute of limitations had run against D. & J.'s claim.

Involved in this appeal is the effect, if any, of the peculiar phraseology of the Uniform Commercial Code (KRS 355.2–725) on the application of KRS 413.270. The pertinent statutory provisions are:

355.2–725 (3) "Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute."

355.2–725 (4) "This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this chapter becomes effective."

KRS 413.270. *Effect of judgment of no jurisdiction.*

(1) "If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation."

The pivotal point is the legal effect of the termination of this case in the Mc-Cracken Circuit Court on motion of the plaintiff, D. & J. The Jefferson Circuit Court adopted the view that sub-section three(3) of KRS 355.2–725 barred the action in the Jefferson Circuit Court. It was its opinion that D. & J. had voluntarily withdrawn from the McCracken Circuit Court and had not done so under force of a judgment by that court, and that consequently KRS 413.270 could not be employed as a saving statute in this type of situation.

The Jefferson Circuit Court held that the savings-period was intended to aid only those who might find themselves to be *involuntarily* dismissed from court for improper venue and, since D. & J. voluntarily withdrew from the McCracken Circuit Court and did not do so under force of a judgment, KRS 413.270 did not apply and the benefit of the savings-periods of both statutes must be denied D. & J.

Although the ruling of the McCracken Court dismissing the action there was denominated an "order", it nevertheless was a judgment in its effect.

 The fact that the McCracken Circuit Court did not rule on Hercules' prior motions for dismissal, but based its ruling on D. & J.'s later motion to the same effect does not appeal to us as the controlling factor to consider in determining whether D. & J. is entitled to the benefit of the savings-period of either statute. The intention of both statutes is to enable a litigant in such a situation to obtain a trial on the merits and not to penalize it for filing its original action in a court of the wrong venue. We think that the phraseology of the Uniform Commercial Code (KRS 355.2–725) denying the benefit of its savings-period when the termination of the first action "resulted from voluntary discontinuance or from failure or neglect to prosecute" the action is intended to cover situations where the litigant signifies that it does not intend to go on with its case—where it "drops" its case in the sense that it fails "or neglects to prosecute it", and not situations like the one at bar where the plaintiff moved to dismiss its action so that it could file it in a court with jurisdiction of the subject matter or parties. Any other construction of the statute would deprive an earnest litigant of the very benefit the savings-period was intended to bestow—the opportunity to file its action in the proper forum. (For a detailed criticism of the imprecisions in the Uniform Commercial Code, see "The Language of the Uniform Commercial Code", 77 Y.L.J. 185 et. seq., December 1967; see Uniform Commercial

Code Annotated (U.L.A.) where it is shown that North Carolina has deleted the phrase " * * * unless the termination resulted from voluntary dismissal, * * * ", and Tennessee has redrafted the subsection altogether.)

In the truest sense, D. & J.'s dismissal of its action in the McCracken Circuit Court was anything but voluntary; it had to get out of that court in order to get into the right one, and promptly did so thereafter. We do not find it necessary to decide whether the six months saving-period of the Code or the ninety-day period of KRS 413.270 governs, because D. & J.'s filing in the Jefferson Circuit Court was in time under either.

The judgment is reversed.

WILLIAMS, C. J., and HILL, STEINFELD, PALMORE and OSBORNE, JJ., concur.