SEYMOUR CHARTER BUSLINES, INC., Appellant,

v.

Honorable Lewis B. HOPPER, Judge, Laurel Circuit Court; Honorable Jerry Winchester, Judge, Whitley Circuit Court; Appellees,

and

Juanita Merrill, Real Party in Interest.

No. 2002–SC–0928–MR.

Supreme Court of Kentucky.

April 24, 2003.

Rehearing Denied Aug. 21, 2003.

William A. Watson, Middlesboro, Counsel for Appellant.

Howard Oliver Mann, Sandra Joyce Reeves, Law Offices of Howard O. Mann, P.S.C., Corbin, Counsel for Appellees.

Opinion of the Court by Justice WINTERSHEIMER.

This appeal is from an order of the Court of Appeals denying a petition by

Seymour Charter Buslines, Inc. for a writ of prohibition which sought to prohibit transfer of a personal injury action from Laurel County where the claim was filed to Whitley County where the injury occurred.

On June 26, 1999, Merrill suffered a broken leg while boarding a bus owned and operated by Seymour. At that time, Merrill was a citizen and resident of the state of Ohio and Seymour was a common carrier incorporated in Tennessee and operating in Kentucky. It is undisputed by the parties that the accident occurred in Whitley County. However, on June 23, 2000, counsel for Merrill mistakenly filed suit in neighboring Laurel County. In its answer to the complaint, Seymour completely denied the claim and made no objection to venue.

Almost two years later, on May 28, 2002, counsel for Merrill filed a motion in Laurel Circuit Court seeking to transfer the case to Whitley County. Pursuant to KRS 452.105, the circuit judge granted the motion to transfer over the objection of Seymour. The order granting transfer was entered on August 6, 2002 and Seymour filed a writ of prohibition in the Court of Appeals on September 11, 2002. That Court denied the same, stating that the circuit court had not acted outside its jurisdiction and that Seymour failed to show irreparable harm or that it has no adequate remedy by appeal. This appeal followed.

Seymour argues that KRS 452.105 authorizes a circuit judge to transfer venue to another county only if venue in his county is improper. It contends that Merrill chose the Laurel Circuit Court as the venue for her action, and because it did not object, the issue of venue was waived. Seymour maintains that venue was proper in Laurel County and that Merrill is es-topped to change venue under these circumstances.

Merrill responds that the petition for a writ of prohibition was not proper because Seymour did not file it timely. She also argues that Seymour did not meet the requirements necessary for the grant of a writ of prohibition. Merrill asserts that transfer of venue is not prohibited by the failure of Seymour to object to improper venue. She maintains that venue in Laurel County was improper as the action was not transitory. Merrill also claims that Seymour is estopped from objecting to the transfer of venue.

 After careful consideration of the arguments by both parties, we must conclude that the Court of Appeals properly denied the writ of prohibition. Such a remedy is extraordinary, one which should be used only under the most exceptional circumstances. *Shobe v. EPI Corp.*, Ky., 815 S.W.2d 395 (1991). It will be granted only upon a showing that: 1) the lower court is proceeding or is about to proceed outside its jurisdiction and there is no adequate remedy by appeal, or 2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result. *Kentucky Labor Cabinet v. Graham*, Ky., 43 S.W.3d 247 (2001).

Here, it is undisputed that the injury occurred in Whitley County. That county was the proper venue for this action. *See* KRS 452.455, which provides that in these situations the action must be brought in the county in which the plaintiff was injured. The underlying action was improperly filed in Laurel County and upon a motion by Merrill, the circuit judge correctly transferred the case to Whitley County. *See* KRS 452.105, which states as follows:

In civil actions, when the judge of the court in which the case was filed determines that the court lacks venue to try the case due to an improper venue, the judge, upon motion of a party, shall transfer the case to the court with the proper venue.

Obviously this statute, which was effective July 14, 2000, was enacted following the decision of this Court in *Beaven v. McAnulty*, Ky., 980 S.W.2d 284 (1998). That case held that the doctrine of forum non conveniens only empowers a trial judge to dismiss or stay an action before him. Moreover, absent a statute, there was no inherent authority for a judge in one circuit to move a case to a judge of another court. *McAnulty, supra.*

KRS 452.105 now provides that authority. Under these circumstances, the mandatory language of the statute required the circuit judge to transfer this case. The argument by Seymour to the contrary is without merit.

■ The claim by Seymour that the transfer was improper because it did not object to the original venue is also lacking in merit. The cases it cites were decided before the enactment of KRS 452.105. There is nothing in the language of the statute that limits transfer to instances where waiver is not at issue. The mistake by counsel for Merrill of filing this claim in the wrong county does not negate the application of the statute. The assertion by Seymour that Merrill should be estopped from transferring this case is equally without merit.

■ Finally, Seymour contends that because there was diversity of citizenship between Merrill and itself, it could have removed this case to federal district court. It claims that it chose not to do so because the Laurel Circuit Court is well known among trial lawyers in Southeastern Kentucky as a conservative jury venue for the trial of personal injury actions. Now that the case has been transferred, it asserts that it has lost the opportunity to remove this case to federal court. *See* 28 U.S.C. 1446(b).

We must observe that Seymour did not present this issue to the circuit judge in its response to the motion to transfer. In any event, we find the claim concerning the juries to be entirely speculative and not supported by any evidence. Further, this claim does not rise to the level of a great injustice which is necessary for the issuance of a writ. The Court of Appeals properly denied the writ of prohibition.

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J., JOHNSTONE and STUMBO, JJ., concur.

COOPER, J. dissents by separate opinion and is joined by GRAVES and KELLER, JJ.

Dissenting Opinion by Justice COOPER.

Appellee Juanita Merrill, an Ohio resident and the real party in interest in this appeal, was injured in Whitley County, Kentucky, while attempting to enter a bus owned by Appellant Seymour Charter Buslines, Inc. Seymour is a Tennessee corporation with no corporate offices in Kentucky. On June 23, 2000, Merrill filed a civil action for damages against Seymour in the Laurel Circuit Court. On July 11, 2000, Seymour filed an answer in which it did not object to venue. On July 25, 2000, Merrill served interrogatories and requests for production of documents on Seymour. Seymour took discovery depositions on September 8, 2000, and December 17, 2001. Merrill took a discovery deposition on July 16, 2002. Thereafter, on August 8, 2002, pursuant to a motion filed by Merrill to which Seymour objected, the

trial judge entered an order transferring venue from the Laurel Circuit Court to the Whitley Circuit Court. Seymour then filed a petition in the Court of Appeals for a writ of prohibition to prohibit enforcement of that order. The Court of Appeals denied the petition and this appeal ensued.

Generally, a motion to dismiss or transfer for lack of venue may not be made by the plaintiff who selected the forum. "The plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquished his right to object to the venue." *Olberding v. Illinois Centr. R. Co., Inc.,* 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39 (1953). *See also Manley v. Engram,* 755 F.2d 1463, 1468 (11th Cir.1985) (noting general rule that plaintiff waives objection to venue by selecting forum with filing of suit). "Venue is a personal privilege of the *defendant.*" 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure: § 3826,* at 73 (2002 Supplement) (emphasis added).

> In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial. For that reason, Congress has generally not made the residence of the plaintiff a basis for venue in nondiversity cases.... So long as the plain language of the statute does not open the severe type of "venue gap" that the amendment giving plaintiffs the right to proceed in the district where the claim arose was designed to close, there is no reason to read it more broadly on behalf of plaintiff.

*Leroy v. Great Western United Corp.,* 443 U.S. 173, 184, 99 S.Ct. 2710, 2716–17, 61 L.Ed.2d 464 (1979) (emphasis in original). Thus, by selecting the forum in the first place, and being assured of the opportunity to litigate in the forum where the claim arose, plaintiffs enjoy all the protection they need. Allowing a plaintiff to select one venue and then to change its mind mid-proceeding would encourage forum shopping of the worst kind. (If Judge Hopper had made certain rulings against Merrill, could she have then moved to transfer the case in order to obtain a "more friendly" judge?)

The Kentucky Rules of Civil Procedure reflect this fundamental principle of law. An objection as to venue must be made according to CR 12.02(c), which clearly labels a venue objection as a "defense." So, too, does CR 12.08(1), which provides that such "defenses" are waived if not made in a responsive pleading or by Rule 12 motion. Although KRS 452.010(2) provides that a change of venue may be had because of the "odium" attending a party's "cause of action," that refers to a counterclaim or crossclaim pursuant to CR 13. The sole exception occurs when the plaintiff has been duped into selecting the initial forum by some deception or omission of the defendant. *See Manley, supra,* at 1468–69 (permitting plaintiff to object to venue when defendant concealed its actual residence and plaintiff could not in "due diligence" have discovered true residence; "[o]nly in Wonderland could it be said that a plaintiff in this situation 'knowingly' waives her objections to venue merely by filing suit where the defendant appears to reside."). Kentucky's "saving" statute, KRS 413.270, applies to extend the limitations period in that circumstance. *See D & J Leasing, Inc. v. Hercules Galion Prods., Inc.,* Ky., 429 S.W.2d 854, 856 (1968). Nevertheless, no deception or omission of Seymour induced the choice of forum here, "and the plaintiff as master of [her] case is stuck with [her] choice." *Nat'l Adver. Co. v. City of Rolling Meadows,* 789 F.2d 571, 574 (7th Cir.1986).

The majority opinion also errs in its analysis of KRS 452.105, *viz:*

> In civil actions, when the judge of the court in which the case was filed determines that *the court lacks venue to try the case due to an improper venue,* the judge, upon motion of a party, shall transfer the case to the court with the proper jurisdiction.

(Emphasis added.) This statute was enacted by the 2000 General Assembly. 2000 Ky. Acts, ch. 420, § 1. Although the majority opinion posits that the purpose of the statute was to abrogate our decision in *Beaven v. McAnulty,* Ky., 980 S.W.2d 284 (1998), *Beaven* was a case in which the trial judge transferred an action that had been brought in a *proper* venue to another venue on grounds of *forum non conveniens. Id.* at 285. *Beaven* held that a finding of *forum non conveniens* is grounds for dismissal, not transfer. *Id.* at 288. Thus, KRS 452.105, which addresses a situation where an action is brought in the *wrong* venue, has no effect on our holding in *Beaven.*

I agree, however, that prior to the enactment of KRS 452.105, actions brought in the wrong venue could not be transferred but could only be dismissed on timely motion of the defendant. *Latta v. Sandifer,* 13 Ky.L.Rptr. 973 (1892) (no rule of practice or statutory provision permits transfer of an action from one county to another). Typically, prior to the enactment of KRS 452.105, motions to transfer occurred in transitory actions and were made by a plaintiff creditor who had sued a defendant debtor in a county in which the defendant did not reside. Such motions were made after the defendant filed a motion to dismiss for lack of venue. Transfer was obviously preferable to outright dismissal because dismissal meant payment of an additional filing fee in the circuit court having proper venue.

Of course, it is still the law of this jurisdiction that venue can be established by waiver. CR 12.08(1).

> The provision ... that a personal injury action must be brought in the county in which the defendant resides, or in which the injury was done, is not an absolute requirement, but is one that must be invoked by the defendant if he wishes to compel compliance with it. If he does not invoke it by proper pleading, the question of venue becomes immaterial.

*James v. Holt,* Ky., 244 S.W.2d 159, 159–60 (1951).

In *Licking River Limestone Co. v. Helton,* Ky., 413 S.W.2d 61 (1967), it was held that *"[u]nless the venue was waived,* KRS 452.460 fixed Morgan County as the proper place for an action against both defendants, for that was where the collision occurred." *Id.* at 63 (emphasis added). Obversely, if venue is waived, it is fixed as the county where the action was brought.

As noted, here, the issue of improper venue was waived when Merrill brought her suit in Laurel Circuit Court and Seymour did not timely object.

> The issue of lack of venue was first raised as to Kenneth by the amended answer which was filed after counsel for Company participated in taking depositions, answering interrogatories and moving for summary judgment. This was too late and appellant does not contend as to the claim of Kenneth that venue was not waived.

*Id.* at 63. Having become, by waiver, the proper venue, the Laurel Circuit Court did not "lack[ ] venue to try the case due to an improper venue" and KRS 452.105 did not apply.

"[B]ecause the trial court acted beyond its jurisdiction when if transferred the instant case on [improper venue] grounds,

the writ is an appropriate remedy." *Beaven, supra,* at 285. Accordingly, I dissent and would order that the writ be issued.

GRAVES and KELLER, JJ., join this dissenting opinion.