# Supreme Court of Kentucky

## 2005-SC-000867-DG

DOLLAR GENERAL STORES, LTD.                                  APPELLANT


ON REVIEW FROM COURT OF APPEALS

V.                         CASE NUMBER 2003-CA-002632

CASEY CIRCUIT COURT NO. 03-CI-000148


MABEL ROSE SMITH                                             APPELLEE


## OPINION OF THE COURT BY CHIEF JUSTICE LAMBERT

### AFFIRMING


We have held that the saving provision of KRS 413.270 applies as well to improper venue selection as to jurisdictional error.[1] However, we have not previously decided whether the saving statute applies also where the original forum dismissed the case on grounds of *forum non conveniens* and the claim was re-brought in another proper venue within the extended time allowed. This issue is before us here.

This case arose on April 28, 2002, when Appellee, Mabel Rose Smith, was injured in a slip and fall accident on the Appellant's premises in Casey County. Smith instituted litigation against Appellant, Dollar General Stores, Limited (Dollar General) in the Jefferson Circuit Court on the last day of the one-year limitation period. Dollar General owned and operated several stores in Jefferson County and there was no

---

[1] D & J Leasing, Inc. v. Hercules Galion Products, Inc., 429 S.W.2d 854 (Ky. 1968). See also Shircliff v. Elliot, 384 F.2d 947 (6th Cir. 1967).

contention that the Jefferson Circuit Court lacked jurisdiction or that it was an improper venue. The trial court acknowledged this fact. Nevertheless, relying on <u>Beaven v. McAnulty</u>,[2] the Jefferson Circuit Court dismissed the claim under the doctrine of *forum non conveniens*. The trial court held that because the accident and injury occurred in Casey County and because Smith and most of the witnesses resided in Casey County, Jefferson County was an inconvenient forum.[3]

Fifteen days after dismissal, Smith filed a new claim in the Casey Circuit Court. As previously noted, however, her prior claim had been filed on the last day of the period, and by the time Smith filed in Casey County, the statute of limitations had run. Smith pled that the statute of limitations was tolled under KRS 413.270 and that her claim was timely. However, upon its conclusion that KRS 413.270 was inapplicable, the Casey Circuit Court dismissed the claim as time-barred. On appeal from that final order, the Court of Appeals disagreed and reversed. It held that KRS 413.270(1) was applicable to a case timely brought but previously dismissed on grounds of *forum non conveniens*. Dollar General sought and was granted discretionary review in this Court. We affirm the decision of the Court of Appeals.

We begin with a brief review of KRS 413.270, a statute providing for a ninety-day saving period where claims are brought in a court having no jurisdiction. By its terms, the statute applies to claims brought "in due time and in good faith" and which are adjudged to have been brought in a court with "no jurisdiction." While the statutory language speaks to jurisdiction, this Court has long held that dismissal for improper

---

[2] 980 S.W.2d 284 (Ky. 1998).
[3] The Jefferson Circuit Court appears not to have been mindful that dismissal would have serious statute of limitations implications.

venue also triggers the saving statute. In D. & J. Leasing, Inc. v. Hercules Galion Products, Inc.,[4] we reversed the trial court upon the view that the statute was "to obtain a trial on the merits and not to penalize it for filing its original action in a court of the wrong venue." In Shircliff v. Elliott,[5] the United States Court of Appeals for the Sixth Circuit held likewise. Following flawed attempts to bring their claim in state court, plaintiffs sued in the United States District Court for the Western District of Kentucky after expiration of the statute of limitations. Anticipating our decision in D. & J. Leasing, the Shircliff court said, "When a plaintiff has shown the proper diligence required by the applicable statute of limitations but has filed in an improper court, the saving statute provides him a further period of time in which to find the proper court." Shircliff analyzed the venue and jurisdiction dichotomy, but held that in view of the remedial purpose of the saving statute and the frequent confusion of jurisdiction and venue, "jurisdiction" in KRS 413.270 should be broadly construed to achieve its remedial purpose.

We have considered Dollar General's argument that KRS 413.270 should be read literally and its contention that D. & J. Leasing and Shircliff are distinguishable, but we do not agree. There is no reasonable explanation for the Legislature to have acted to save claims brought in an improper jurisdiction, but denied the saving provision to claims brought in an improper venue. As such, we can only conclude with the Shircliff court that the General Assembly used the term "jurisdiction" broadly to include the

---

[4] 429 S.W.2d 854.
[5] 284 F.2d 947.

3

concept of place as well as the concept of power.[6] Accordingly, we reaffirm the views

expressed in D. & J. Leasing and Shircliff.[7]

A necessary predicate for appellate review of the Casey Circuit Court order of

dismissal is an understanding of the Jefferson Circuit Court order. As stated previously,

the Jefferson Circuit Court acknowledged that venue was not improper, but determined

that the Casey Circuit Court would be a more convenient forum. Instead of transferring

the case, however, the Jefferson Circuit Court dismissed on grounds of *forum non*

*conveniens* leaving plaintiff with no alternative but to appeal, or to bring a new action in

the Casey Circuit Court and thereby depend upon the saving statute. Thus, the Casey

Circuit Court order of dismissal must be reviewed with due regard for the basis of the

Jefferson Circuit Court order of dismissal, *forum non conveniens.*

A recent decision of the Supreme Court of the United States, Sinochem

International Co. Ltd. v. Malaysia International Shipping Corp.,[8] reviewed *forum non*

*conveniens* to determine whether a federal court was required to first decide matters of

jurisdiction before proceeding to dismiss on *forum non conveniens* grounds. Holding

that it was not necessary to first make the threshold jurisdiction determination, the Court

commented generally on *forum non conveniens,* and its views are instructive here. The

Court noted, *inter alia,* that *forum non conveniens* dismissal was appropriate where the

chosen forum would result in oppressiveness and vexation to a defendant out of all

proportions to plaintiff's convenience, or the chosen forum was inappropriate because of

---

[6] James v. Holt, 244 S.W.2d 159 (Ky. 1951) and Duncan v. O'Nan, 451 S.W.2d 626 (Ky. 1970) provide an explanation of the distinction between jurisdiction and venue.
[7] See also Ockerman v. Wise, 274 S.W.2d 385 (Ky. 1954).
[8] __ U.S. __, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007).

4

considerations affecting the Court's own administrative and legal problems.[9] It observed that a defendant invoking *forum non conveniens* bears a heavy burden in opposing the plaintiff's chosen forum. The Court recognized that *forum non conveniens* was essentially "a supervening venue provision permitting displacement of the ordinary rules of venue when, in light of certain circumstances, the Court thinks that venue ought to be declined."[10] Moreover, the Court observed that "Congress has codified the doctrine and provided for transfer rather than dismissal when a sister federal court is the more convenient place for trial of the action."[11] From the foregoing, the Supreme Court clearly views *forum non conveniens* dismissal as rarely appropriate and imposes on one seeking such dismissal a heavy burden. The Court also characterized *forum non conveniens* as a subdivision of venue and noted that transfer rather than dismissal was the proper course where appropriate.

The doctrine of *forum non conveniens* is not deeply embedded in Kentucky law. It has been touched upon from time to time through the years,[12] but has rarely appeared as an issue on appeal. However, the doctrine of *forum non conveniens* was thoroughly considered in Beaven v. McAnulty,[13] where this Court granted a writ of prohibition holding that the trial court acted beyond its jurisdiction in transferring a civil action from the Jefferson Circuit Court to the Marion Circuit Court on grounds of *forum non*

---

[9] 127 S.Ct. at 1190.

[10] 127 S.Ct. at 1190, quoting American Dredging Co. v. Miller, 510 U.S. 443, 453 (1994).

[11] 127 S.Ct. at 1190-91.

[12] See Carter v. Netherton, 302 S.W.2d 382 (Ky. 1957) (involving continuing jurisdiction of a child custody and support case); Commonwealth v. Evans, 645 S.W.2d 346 (Ky. 1982) (holding that *forum non conveniens* does not apply in criminal cases); and Skidmore v. Meade, 676 S.W.2d 793 (Ky. 1984) (where the Court declined to grant a writ of mandamus preventing transfer on grounds of *forum non conveniens*).

[13] 980 S.W.2d 284.

*conveniens*. <u>Beaven</u> concluded with the view that "Kentucky's doctrine of *forum non conveniens* only empowers a trial court to dismiss or stay an action before it. As the trial court did not have the power to transfer the action to Marion County, it was acting beyond its jurisdiction when it did so, and a writ of prohibition is an appropriate remedy."[14]

Shortly after <u>Beaven v. McAnulty</u> was rendered, the General Assembly adopted KRS 452.105, a statute mandating trial court transfer of cases upon a determination that the venue selected is improper. This statute has been construed as requiring transfer rather than dismissal.[15] KRS 452.105 and our decisions construing it firmly establish that where venue is improper, the remedy is transfer rather than dismissal. A question remains, however, whether transfer is available upon a determination of *forum non conveniens*. We have no doubt that it is.[16]

While there are fundamental distinctions between the concepts of jurisdiction and venue, the former relating to the power of courts to adjudicate and the latter relating to the proper place for the claim to be heard, there is no such fundamental distinction between venue and *forum non conveniens*. In general, venue derives from a statutory mandate as to which county or counties is the proper place for a claim to be heard. *Forum non conveniens* presupposes proper venue, but posits that another county where venue would be proper also is a more convenient forum, and calls for a discretionary ruling by a trial court to that effect. Thus *forum non conveniens* is a

---

[14] <u>Id.</u> at 288.
[15] <u>Fritsch v. Caudill</u>, 146 S.W.3d 926 (Ky. 2004), and <u>Seymour Charter Buslines, Inc. v. Hopper</u>, 111 S.W.3d 387 (Ky. 2003).
[16] The Jefferson Circuit Court thought otherwise. It regarded KRS 452.105 as having no effect on <u>Beaven v. McAnulty</u>. It viewed KRS 452.105 as applicable only where the court lacks venue, but inapplicable where the court finds *forum non conveniens*.

subdivision of venue requiring the exercise of trial court discretion.[17] Surely it must follow that a dismissal on grounds of *forum non conveniens* would be, of necessity, a venue based dismissal resulting in applicability of the saving statute, KRS 413.270. Notwithstanding language in <u>Beaven</u> to the contrary, in the future, cases should not be dismissed on grounds of *forum non conveniens*.

With enactment of KRS 452.105, the General Assembly made it clear that venue should be transferred in a proper case, and that the action should not be dismissed. We now hold that the same rule applies where the trial court determines that another forum would be a more convenient place for the litigation. The General Assembly showed no concern for the idea in <u>Beaven</u> that one court could not force a case upon another court. Undoubtedly, this view is correct. Kentucky has one unified Court of Justice. All trial courts and appellate courts are a part of that Court of Justice,[18] and in it is vested the judicial power of the Commonwealth.

For the foregoing reasons, we affirm the Court of Appeals and remand this case to the Casey Circuit Court for further consistent proceedings.

All sitting. Lambert, C.J., and Cunningham, Noble, Schroder, and Scott, JJ., concur. Abramson, J., concurs by separate opinion. Minton, J., dissents by separate opinion.

---

[17] See <u>Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.</u>, __ U.S. __, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007).
[18] Ky. Const. §109.

COUNSEL FOR APPELLANT:

Kevin G. Henry
Kevin W. Weaver
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 West Vine Street, Suite 1400
Lexington, KY 40507


COUNSEL FOR APPELLEE:

Jonathon N. Amlung
AMLUNG LAW OFFICES, PLLC
616 South Fifth Street
Louisville, KY 40202-2202

# Supreme Court of Kentucky

## 2005-SC-000867-DG

DOLLAR GENERAL STORES, LTD.                                   APPELLANT

ON REVIEW FROM THE COURT OF APPEALS
V.                          CASE NUMBER 2003-CA-002632-MR
CASEY CIRCUIT COURT NO. 03-CI-00148

MABEL ROSE SMITH                                               APPELLEE

## CONCURRING OPINION BY JUSTICE ABRAMSON

I concur in the result reached by the majority only because I agree that we ought not to penalize the plaintiff, Mabel Smith, for her counsel's reliance on the overly broad reading of the saving statute, KRS 413.270, which the Sixth Circuit Court of Appeals propounded in Shircliff v. Elliott, 384 F.2d 947 (6th Cir. 1967), and which this State's highest Court suggested in D. & J. Leasing, Inc. v. Hercules Galion Products, Inc., 429 S.W.2d 854 (Ky. 1968). I agree with Justice Minton, however, that that broad reading does not comport with the statutory language, and so henceforth would limit application of KRS 413.270 and KRS 452.105 to the circumstances the General Assembly has specified. In short, the dissent reflects what I believe is the correct interpretation of the two statutes.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2005-SC-000867-DG

DOLLAR GENERAL STORES, LTD.            APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
CASE NUMBER 2003-CA-002632-MR
CASEY CIRCUIT COURT NO. 03-CI-00148

MABEL ROSE SMITH            APPELLEE

## DISSENTING OPINION BY JUSTICE MINTON

I respectfully dissent. We have often said that the proper role of the courts in the field of statutory interpretation is to determine the intention of the legislature as expressed in the "plain language" of its statutes without resorting to guessing about what the legislature intended.[1] With that in mind, I cannot agree with the majority's assumption that when the legislature used the words "no jurisdiction" in the savings statute (KRS 413.270), it intended to conflate three distinct legal concepts—jurisdiction, venue, and forum non conveniens. And I believe that now is the time for us to

---

[1] See, e.g., Commonwealth v. Gaitherwright, 70 S.W.3d 411, 413 (Ky. 2002); Troxell v. Trammell, 730 S.W.2d 525, 527-28 (Ky. 1987). See also KRS 446.080(1) and (4):

(1) All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state.

. . . .

(4) All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning.

clean up our own loose language by overruling certain precedents to the extent that imprecise use of the terms jurisdiction, venue, and forum non conveniens has distorted the savings statute well beyond its express provisions of "saving" cases initially dismissed for "no jurisdiction."

In <u>Shircliff v. Elliott</u>,[2] the Sixth Circuit Court of Appeals interpreted KRS 413.270 without benefit of any Kentucky state cases directly on point. The court decided that our savings statute operated to "save" cases initially filed in improper venues based on the "common confusion" of the terms venue and jurisdiction. The court, thus, implicitly found that the legislature had confused these terms.[3] I disagree with the assumption that the legislature had confused the terms, especially in light of the legislature's own stated direction in KRS 446.080(4) that where statutes employ terms such as "jurisdiction," which "have acquired a peculiar and appropriate meaning in the law," such terms "shall be construed according to such meaning."

This Court reached the correct result in <u>D. & J. Leasing, Inc. v. Hercules Galion Products, Inc.</u>[4] by reversing the second court's dismissal of a lawsuit, which was dismissed in the first court for lack of subject matter jurisdiction rather than for improper

---

[2]  384 F.2d 947 (6th Cir. 1967).

[3]  *See id.* at 950-51. ("This Court is aware that there is a fundamental distinction between jurisdiction and venue. But this Court is also aware of the common confusion of the terms, and the problem in this case is not to determine the meaning of jurisdiction as it concerns the power of the court to decide a case but to determine what was comprehended in the meaning of the term as used in this saving statute. . . . To effect the prime purpose of K.R.S. § 413.270 to afford a full opportunity for a hearing on the merits, it seems clear that the legislative intent embodied in the phrase 'no jurisdiction' must at least comprehend 'lack of venue.'")

[4]  429 S.W.2d 854 (Ky. 1968).

venue.[5] But that opinion confused the terms venue and jurisdiction by stating that: "The intention of both statutes is to enable a litigant in such a situation to obtain a trial on the merits and not to penalize it for filing its original action in a court of the wrong venue."[6] Nonetheless, that case properly determined that both the general savings statute (KRS 413.270) and the savings portion of the Uniform Commercial Code statute of limitations (KRS 355.2-725) applied because the plaintiff had not voluntarily sought to "drop" the case in the first court but, rather, was forced to dismiss the action in the first court "so that it could file it in a court with *jurisdiction* of the subject matter or parties."[7]

More germane to the issue at hand, in my view, this Court confused improper venue and forum non conveniens and reached an incorrect result in Seymour Charter Buslines, Inc. v. Hopper.[8] In that case, this Court faced the question of whether the Court of Appeals had properly denied a writ of prohibition filed in response to a trial court's granting transfer of a case for which the trial court was not a proper venue when the case was originally filed. This Court determined that KRS 452.105 mandated that the case be transferred to the court with proper venue. In doing so, it stated:

> Obviously[,] this statute, which was effective July 14, 2000, was enacted following the decision of this [C]ourt in [Beaven v. McAnulty, 980 S.W.2d 284 (Ky. 1998)]. That case held that the doctrine of [forum non conveniens] only empowers a trial judge to dismiss or stay an action before him. Moreover, absent a statute, there was no inherent authority

---

[5] *See id.* at 855 (describing how defendant had filed a motion to dismiss based on improper venue, followed by the plaintiff's motion to dismiss without prejudice for lack of subject-matter jurisdiction, and the trial court granted the **plaintiff's** motion to dismiss without prejudice due to lack of subject matter jurisdiction apparently without expressly ruling on the motion to dismiss for improper venue).

[6] *Id.* at 856.

[7] *Id.* (emphasis added.)

[8] 111 S.W.3d 387 (Ky. 2003).

3

for a judge in one circuit to move a case to a judge of another court. McAnulty, *supra*.

KRS 452.105 now provides that authority. Under these circumstances, the mandatory language of the statute required the circuit judge to transfer this case.[9]

But the dissent in Hopper correctly points out that KRS 452.105 provides for transfer of cases initially brought in improper venues and does not address the Beaven v. McAnulty situation of whether a case can be transferred when it is initially brought in a proper venue, yet the trial court determines that it should not hear the case under the doctrine of forum non conveniens:

> Although the majority opinion posits that the purpose of the statute was to abrogate our decision in [Beaven v. McAnulty, 980 S.W.2d 284 (Ky. 1998)], Beaven was a case in which the trial judge transferred an action that had been brought in a *proper* venue to another venue on grounds of [forum non conveniens]. *Id.* at 285. Beaven held that a finding of [forum non conveniens] is grounds for dismissal, not transfer. *Id.* at 288. Thus, KRS 452.105, which addresses a situation where an action is brought in the *wrong* venue, has no effect on our holding in Beaven.[10]

The dissent also holds, correctly in my view, that because venue was waived by lack of timely objection,[11] the trial court where the case was originally filed *became* a proper venue to hear the case; and, thus, a writ of prohibition should have been issued to prevent the trial court from transferring the case since it was not an improper venue to hear it.[12]

---

[9] Hopper, 111 S.W.3d at 389.

[10] *Id.* at 391 (Cooper, J., dissenting).

[11] Venue may be established by waiver. CR 12.08 (1).

[12] *Id.*

4

This Court again confused improper venue and forum non conveniens in

Fritsch v. Caudill[13] in which we failed to mention forum non conveniens in citing

Beaven v. McAnulty in our discussion of the availability of transfer for cases brought in

improper venues:

> KRS 452.105 became effective on July 14, 2000, and followed this [C]ourt's decision in Beaven v. McAnulty, where we held that a trial judge who sought to transfer venue was without such authority; that dismissal or stay was the only remedy. It is reasonable to conclude that statute was enacted to prevent mandatory dismissal for improper venue and to allow trial courts discretion to transfer cases where circumstances warrant.[14]

Ultimately, however, this Court reached the proper result in denying extraordinary relief

in Fritsch, stating that transfer was mandatory under KRS 452.105 only where the trial

court found that it lacked venue to try a case and "[a]s the trial court here held

otherwise, the mandatory transfer provision of the statute did not become applicable."[15]

Unlike the majority, I find no reason to assume that the legislature meant forum

non conveniens when it used the legal terms of "improper venue" in KRS 452.105 and

"no jurisdiction" in KRS 413.270. In fact, the doctrine of forum non conveniens allows a

court to decline to hear a case despite having proper jurisdiction and being a proper

venue where another court also having proper jurisdiction and being a proper venue

would be a more convenient forum to hear the case.[16] I would construe the savings

statute at issue here (KRS 413.270), as well as the closely related transfer statute

---

[13]   146 S.W.3d 926 (Ky. 2004).

[14]   Id. at 929 (footnote omitted).

[15]   Id.

[16]   "The doctrine of forum non conveniens recognizes that there are certain instances in which a court properly vested with jurisdiction and venue may, nonetheless, dismiss an action if it determines that it is more convenient for the litigants and witnesses that the action be tried in a different forum." Beaven, 980 S.W.2d at 285.

5

(KRS 452.105), according to the legal meanings of the terms used in the statutes; and I would overrule ambiguous authority to the contrary.

The majority opinion freely mixes legal concepts by equating jurisdiction with venue and improper venue with forum non conveniens. The result contravenes the legislature's directive in KRS 446.080(4) that legal terms in statutes be construed by their "peculiar and appropriate meaning in the law[.]" And in so doing, the majority effectively usurps the legislature's role by expanding the class of cases that may be saved from dismissal.

Some might argue that expanding the grace granted by the saving statute is good because more cases get "saved" from dismissal on statute of limitation grounds. But I would contend that if the legislature wants to broaden the protection of KRS 413.270 to cases initially filed within the statute of limitations in a court that ultimately declined to hear the case because it was an inconvenient forum, then the legislature can amend the statute or provide for it. Since it is not our role to amend statutes, I cannot join in the majority opinion.