RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0360-MR

ESTATE OF KENDRICK BELL, JR.
BY AND THROUGH LENISE BELL
AS ADMINISTRATRIX                                  APPELLANT


              APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE JUDITH MCDONALD-BURKMAN, JUDGE
                    ACTION NO. 19-CI-001148


LAURIE CRAYCROFT, M.D.;
JEWISH HOSPITAL & ST. MARY'S
HEALTHCARE, INC. D/B/A STS. MARY
& ELIZABETH HOSPITAL; ASHLEY
WILLIAMSON, R.N.; MARNISHA
METHENY, R.N.; AND SOUTHEASTERN
EMERGENCY PHYSICIANS, LLC                  APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE:  The Estate of Kendrick Bell, Jr., by and through Lenise Bell as Administratix (the Estate), appeals from a summary judgment of the Jefferson Circuit Court dismissing its medical-negligence claims against Jewish Hospital & St. Mary's Healthcare, Inc., d/b/a Sts. Mary & Elizabeth Hospital; Southeast Emergency Physicians, LLC; Laurie Craycroft, M.D.; Ashley Williamson, R.N.; and Marnisa Metheny, R.N. (collectively, the Hospital defendants).  The trial court concluded that the Estate's complaint was untimely.  Based upon *Smith v. Fletcher*, 613 S.W.3d 18 (Ky. 2020), we conclude that the statute of limitations was tolled by operation of KRS[1] 413.270.  Hence, we vacate the summary judgment and remand for further proceedings on the merits of the Estate's claims.

The relevant facts of this appeal are not in dispute.  On July 28, 2017, Kendrick Bell, Jr. was admitted to Sts. Mary & Elizabeth Hospital Emergency Room (ER) for a drug overdose.  The Hospital discharged Bell following treatment.  However, Bell was returned to the ER later that day.  After several days in a coma, Bell died from an anoxic brain injury.

On October 4, 2017, Bell's sister, Lenise, was appointed administratrix of the Estate.  Thereafter, on July 25, 2018, the Estate filed a proposed complaint against the Hospital defendants with the Cabinet for Health and Family Services' Medical Review Panel (MRP).  While the proposed

---

[1] Kentucky Revised Statutes.

complaint was submitted, the Kentucky Supreme Court issued its opinion in *Commonwealth v Claycomb*, 566 S.W.3d 202 (Ky. 2018), holding the MRP requirement to be unconstitutional in its entirety. *Claycomb* became final on February 14, 2019, and the Estate filed its complaint in Jefferson Circuit Court on February 20, 2019.

In response, the Hospital defendants filed a motion for summary judgment, arguing that the complaint was not filed within the one-year statute of limitations. KRS 413.180. In an order entered on February 12, 2020, the trial court agreed and granted the motion. The trial court concluded that, since the Kentucky Supreme Court held the Medical Review Panel Act (MRPA), KRS 216C.005 *et seq.*, to be unconstitutional in its entirety, compliance with the MRP requirement could not operate to toll the running of the statute of limitations. The trial court further concluded KRS 413.270(1) had no impact on the statute of limitations because an MRP was not a "court" within the meaning of that statute. Subsequently, the trial court denied the Estate's motion to alter, amend, or vacate, CR[2] 59.05, and this appeal followed.

After the trial court entered summary judgment, the Kentucky Supreme Court accepted transfer of *Smith v. Fletcher*, No. 2019-SC-0503-TG, 613 S.W.3d 18, to address this issue. Thereafter, on December 17, 2020, the Supreme

---

[2] Kentucky Rules of Civil Procedure.

Court issued its decision in *Smith*, *supra*, definitively resolving the question. In *Smith*, as in the current case, the plaintiffs filed a timely complaint with the MRP. The filing of their claim with the MRP served to toll the applicable statute of limitations on their claims. *See* KRS 216C.040(1); *Smith*, 613 S.W.3d at 21.

After *Claycomb* became final, the MRP dismissed the action, and the plaintiffs filed their complaint in circuit court. The defendants, like the Hospital defendants in this case, moved to dismiss because the complaint was not filed in circuit court within one year. The plaintiffs argued, among other things, that: (1) KRS 216C.040(1) still tolled the statute of limitations on their claims because *Claycomb* did not apply retroactively; (2) KRS 413.270 acted to toll the statute of limitations; and (3) the statute of limitations should be equitably tolled. Like the trial court in this case, the trial court in *Smith* held that: (1) KRS 216C.040(1) could not apply because *Claycomb* held the MRPA to be void *ab initio*; (2) the savings statute, KRS 413.270, did not apply because the MRP was not a court or quasi-judicial tribunal; and (3) the equitable tolling doctrine did not apply because the plaintiffs could have brought their complaint in circuit court prior to the running of the statute of limitations. *Smith*, 613 S.W.3d at 22-23.

Ultimately, the Supreme Court found that KRS 413.270 operated to toll the one-year statute of limitations. The Court first addressed the language used in KRS 413.270, which provides as follows:

-4-

(1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

(2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky or of the United States of America.

The central issue in *Smith* concerned whether the MRP was a "court" within the meaning of the statute. The Supreme Court concluded that, while the MRP was not an adjudicative body, it performed a quasi-judicial role, in that the agency was "required to investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for [its] official action." *Smith*, 613 S.W.3d at 25-26 (quoting *Roach v. Kentucky Parole Board*, 553 S.W.3d 791, 794 (Ky. 2018)).

Medical review panels were tasked with reviewing evidence submitted by the parties, including "nonprivileged medical records, X-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, and affidavits." KRS 216C.160(2). They had the power to "issue administrative subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection or copying, or both." KRS 216C.160(4). Further, KRS

216C.170(2) bestowed the following rights on medical review panels:

> (a) The panel has the right and duty to request all necessary and relevant information.
>
> (b) The panel may consult with medical authorities.
>
> (c) The panel may examine reports of other health care providers necessary to fully inform the panel regarding the issue to be decided.
>
> (d) All parties shall have full access to any material submitted to the panel.
>
> (e) The panel may conduct a hearing to question counsel or ask the parties to answer specific questions.

Finally, after reviewing all of the evidence,

> [t]he panel has the sole duty to express the panel's opinion as to whether or not the evidence supports the conclusion that a defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint and whether any such failure was a substantial factor in providing a negative outcome for that patient.

KRS 216C.180(1). The panel's opinion was its final action, and after it gave its opinion as to each defendant, "the panel is dissolved and shall take no further action." KRS 216C.180(4).

It is clear that the medical review panels investigated facts and weighed evidence. They were permitted to hold hearings and subpoena witnesses. Panel members used their discretion in reaching a conclusion, and their final official action was the issuance of an opinion. As such, we conclude that medical review panels were quasi-judicial in nature.

The defendants next argue that medical review panels were not tribunals, as they were not "a court or other adjudicatory body." *Hilltop Basic Resources, Inc. v. County of Boone*, 180 S.W.3d 464, 468 (Ky. 2005) (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)). Again, the defendants focus their argument too much on the lack of a final adjudication from the medical review panel. Although Black's Law Dictionary still defines "tribunal" as "a court or other adjudicatory body," it also defines "administrative tribunal." One definition of "administrative tribunal" is "an administrative agency exercising a quasi-judicial function." BLACK'S LAW DICTIONARY (11th ed. 2019). Under this definition, we are again called upon to define "quasi-judicial function," and again define it in such a way as to include medical review panels, for all the reasons previously stated.

*Id.* at 26.

The Supreme Court further held that the MRP properly exercised jurisdiction over the complaint until *Claycomb* held the MRPA to be unconstitutional. When the MRPA was struck down as unconstitutional in *Claycomb*, the MRP no longer had jurisdiction over medical malpractice claims to prevent their filing in circuit court, as they no longer had "power to do anything at all." *Smith*, 613 S.W.3d at 27. The Court concluded:

We believe the above interpretation of KRS 413.270 is consistent with its remedial nature and its intention to allow parties to obtain a trial on the merits despite some kind of mistake in location of filing. *See Jent* [*v. Commonwealth, Natural Resources and Environmental Protection Cabinet*, 862 S.W.2d 318, 320 (Ky. 1993)]; *D. & J. Leasing, Inc.* [*v. Hercules Galion Products, Inc.*, 429 S.W.2d 854, 856 (Ky. 1968)]. We find this particularly true in this case where the "mistake of location" was one created by statute and the plaintiff's proper reliance on the statute and was not created by the plaintiff's own error. It is also consistent with the overarching purpose behind statutes of limitations. "Statutes of limitations 'promote justice by preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *CTS Corp. v. Waldburger*, 573 U.S. 1, 8-9, 134 S. Ct. 2175, 189 L. Ed. 2d 62 (2014) (quoting [*Order of*] *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349, 64 S. Ct. 582, 88 L. Ed. 788 (1944)). In a case such as this, no surprise or injustice is created by a holding that the Smiths' claims were timely filed in circuit court. These claims were litigated and defended during the medical review panel process. The defendants knew the nature of the claims and the facts underlying those claims; these claims were not left to "slumber" in a manner that placed the defendants' ability to defend the claims against them at risk.

*Id.*

Turning back to the current case, the Hospital defendants concede that the holding of *Smith v. Fletcher* is determinative as to the outcome of this appeal. We fully recognize that the trial court did not have the benefit of that decision when the summary judgment motion was submitted. Consequently, we cannot

fault the trial court for failing to anticipate that decision. Nevertheless, we are bound to follow controlling precedent issued by our Supreme Court. SCR[3] 1.030(8)(a). *See also Special Fund v. Francis*, 708 S.W.2d 641, 642 (Ky. 1986).

Therefore, we conclude that the trial court erred in determining that the Estate's claim was untimely. Pursuant to *Smith*, KRS 413.270 operated to toll the running of the one-year statute of limitations for ninety days after *Claycomb* became final on February 14, 2019. Since the Estate filed its complaint only five days thereafter, the trial court erred by dismissing it as untimely.

Finally, we note that, in *Smith*, the plaintiffs filed their claims with the MRP against the individual defendants, but not the hospital or entity defendants. The Supreme Court held that KRS 413.270 did not toll the statute of limitations against the latter defendants because no claim was pending against them in the MRP. Here, the Hospital defendants concede that the Estate named the entity and the individual defendants in the complaint filed with the MRP. Therefore, we conclude that the Estate is entitled to proceed on the merits of its claims against all defendants.

Accordingly, we vacate the summary judgment of the Jefferson Circuit Court, and we remand this matter for further proceedings on the merits of the Estate's claims.

---

[3] Kentucky Rules of the Supreme Court.

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

Lonita K. Baker                         Patricia C. Le Meur
Louisville, Kentucky                    Susan D. Phillips
                                        Louisville, Kentucky

                                        Joey A. Wright
                                        Eleanor M.B. Davis
                                        Louisville, Kentucky

                                        David A. Trevey
                                        Melanie S. Marrs
                                        Lexington, Kentucky