RENDERED:  DECEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1826-MR

THOMAS JACKSON                                                                APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANGELA J. JOHNSON, JUDGE
ACTION NO. 19-CI-502391

MEIRY EDILLA FERREIRA DE
ARAUJO                                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Thomas Abu Jackson appeals from the order dismissing his petition for declaration of invalidity of marriage for "lack of jurisdiction" entered on November 26, 2019, by the Jefferson Circuit Court.  After careful review of the briefs, record, and the law, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

Neither Thomas nor Meiry Edilla Ferreira De Araujo were residents of Kentucky at any time relevant to the case herein. On December 14, 2018, Kentucky's Jefferson County Clerk issued the parties a marriage license. Just over a week later, on December 20, 2018, the parties were "ostensibly" married in Jefferson County, Kentucky. Although the marriage ceremony was solemnized by a Justice of the Peace, it is disputed whether it was witnessed by two or more people or whether the marriage license or certificate was returned to the Jefferson County Clerk to be registered. Nevertheless, following the wedding, the parties returned to Indiana.

Meiry petitioned Indiana's Johnson Circuit Court for dissolution of the parties' marriage. On July 2, 2019, Thomas countered Meiry's petition, requesting a declaratory judgment or annulment from the Indiana court. He asserted the marriage was void under KRS[1] 402.050(2)[2] and 402.020(1)(c).[3] Thomas further alleged that, while KRS 402.250[4] provided authority to Kentucky's

---

[1] Kentucky Revised Statutes.

[2] "At least two (2) persons, in addition to the parties and the person solemnizing the marriage, shall be present at every marriage."

[3] "Marriage is prohibited and void . . . [w]hen not solemnized or contracted in the presence of an authorized person or society[.]"

[4] "Where doubt is felt as to the validity of a marriage, either party may, by petition in Circuit Court, demand its avoidance or affirmance[.]"

circuit courts to affirm or avoid the marriage, Kentucky lacked personal jurisdiction over the parties.

Nonetheless, on August 12, 2019, while the Indiana action was still pending, Thomas petitioned Kentucky's Jefferson Circuit Court to declare the marriage invalid. On October 18, 2019, Meiry moved the court to dismiss the petition due to lack of jurisdiction as neither party lived in Kentucky. After the matter was fully briefed and oral arguments heard, the court dismissed the action for lack of jurisdiction. This appeal followed.

## STANDARD OF REVIEW

"Jurisdiction is a question of law, and our review is *de novo*." *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018) (citation omitted). "Furthermore, '[s]tatutory interpretation raises pure questions of law, so our review is *de novo*, meaning we afford no deference to the decisions below.'" *Id.* (citation omitted).

## JURISDICTION

Courts recognize three categories of jurisdiction: (1) subject matter jurisdiction involving authority over the nature of a case and the general type of controversy, (2) jurisdiction over a particular case involving authority to decide a specific case, and (3) personal jurisdiction involving authority over specific

persons. *Hisle v. Lexington-Fayette Urban Cty. Gov't.*, 258 S.W.3d 422, 429 (Ky. App. 2008).

KRS 402.250 provides that either party to a marriage may, "by petition in Circuit Court, demand its avoidance or affirmance[.]" Accordingly, it is clear that the Jefferson Circuit Court had subject matter jurisdiction over the petition regarding this issue due to the nature of the case.

In her motion to dismiss, Meiry generally asserted the Jefferson Circuit Court lacked jurisdiction. Her arguments concerned the court's lack of particular case and/or personal jurisdiction. Meiry argued the court lacked jurisdiction over the parties under KRS 403.140(1)(a) because neither of them "at the time the action was commenced, resided in this state, or was stationed in this state while a member of the armed services, and that the residence or military presence has been maintained for 180 days next preceding the filing of the petition[.]" It is undisputed that neither party was a resident of Kentucky at the time this petition was filed.

Thomas contends KRS 403.140 applies only to dissolution of marriage actions, not annulments. Thomas points out that there is no corresponding residence requirement in KRS 402.250 to "avoid" a marriage. He also notes that KRS 403.120(1)(c) provides, "The Circuit Court shall enter its decree declaring the invalidity of a marriage entered into under the following

circumstances . . . [t]he marriage is prohibited," and KRS 403.120(2)(b) provides, "A declaration of invalidity under paragraph . . . (c) of subsection (1) may be sought . . . by either party, no later than one (1) year after the petitioner obtained knowledge of the described condition." Declarations of invalidity under KRS 403.120(1)(a) and (b) must be brought "no later than 90 days after the petitioner obtained knowledge of the described condition." KRS 403.120(2)(a). It seems inconsistent to require an action under those provisions be brought within 90 days while requiring residency for "180 days next preceding the filing of the petition" under KRS 403.140(1)(a).

Thomas further argues that the parties' wedding in Kentucky established sufficient contact with the state to provide personal jurisdiction under Kentucky's long arm statute, KRS 454.210(2)(a)1. He argues Meiry waived personal jurisdiction; however, this is not borne out by the record as Meiry moved the court to dismiss this action asserting lack of jurisdiction.

Yet, we need not determine whether the court had particular case and/or personal jurisdiction over the parties herein because "an appellate court may affirm the decision of a trial court for any reason sustainable under the record." *Heskett v. Heskett*, 245 S.W.3d 222, 227 (Ky. App. 2008) (citation omitted). Here, we hold the dismissal was proper, if not for lack of particular case and/or personal jurisdiction, then under the doctrine of forum non conveniens.

The "doctrine of forum non conveniens recognizes that there are certain instances in which a court properly vested with jurisdiction and venue may, nonetheless, dismiss an action if it determines that it is more convenient for the litigants and witnesses that the action be tried in a different forum." *Beaven v. McAnulty*, 980 S.W.2d 284, 287 (Ky. 1998), *superseded by statute as stated in Seymour Charter Buslines, Inc. v. Hopper*, 111 S.W.3d 387 (Ky. 2003) (internal quotation marks and citation omitted). "Although the court ha[s or may have] jurisdiction of the case, it not only ha[s] a right, but also a *duty to consider the doctrine* [*of forum non conveniens*] *and to decline jurisdiction*, if appropriate." *Id.* (emphasis in original).

However, a "court lacks power to transfer a case to the courts of another state. For this reason, *a court which finds itself to be an inappropriate forum under this section must dismiss the action outright*, or do so conditionally . . . or else stay the action pending institution of suit and service of process upon the defendant in a more convenient forum." *Id.* at 288 (emphasis in original) (citations omitted). Here, because a dissolution of marriage action was already pending in Indiana, where the parties reside, we hold the Jefferson Circuit Court acted within its authority and discretion when it declined jurisdiction and dismissed the action.

**CONCLUSION**

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sean P. Paris
La Grange, Kentucky

BRIEF FOR APPELLEE:

Dorislee Gilbert
Louisville, Kentucky